OF THE

# Supreme Court of Florid,

AT

# MARCH TERM, 1855,

## HELD AT MARIANNA:

Henry Ahren and Henry Hyer, Appellants vs. George Willis, Appellee.

1. It may be laid down as a safe rule, that every presumption is to be in favor of the ruling of the Court below, where the same is made in reference to any point, which at common law, was a matter purely of *discretion;* to induce the appellate Court to control that discretion, it must be made manifest that injustice or injury has been done to the rights or interests of the party asking its interference.

2. Under the operation of " Reg. Gen." (Hill. Term 4. W. 4.) which have been adopted for the regulation of the practice in the Circuit Courts,

where a defendant intended to rely upon either a want of consideration, or a failure, or illegality of consideration, as a defence to the action, he shall set forth in his plea so much of the facts or circumstances connected with the transaction, as may be necessary to apprise the plaintiff fully, of the specific nature and character of the defence, which he will be required to meet.

Appeal from a Judgment of Escambia County Circuit Court.

This was an action of debt brought by the appellee on a sealed note. The appellants who were defendants below pleaded *first, non est factum,* and *second* "that no consideration passed to said defendants whereon they could be charged by the said supposed writing obligatory," concluding to the County. To the second an affidavit of its truth was attached.

Upon the first plea issue was joined and to the second, plaintiff demurred, alleging the following as causes of demurrer.

1. Want of consideration is no defence to an action of debt on specialty.

2. That the plea is too general.

3. That it is not owned nor does it appear in and by the said plea, how and under what circumstances, or for what purpose the writing obligation in the declaration mentioned was made by the defendants.

4. That the said plea ought to have stated and shown affirmatively how there was no consideration or value for the making of the said writing obligatory by the defendants.

At June Term 1854 the demurrer was sustained, and leave was granted to the defendants to plead over.

At October Term following, defendants applied for a continuance on the following grounds, viz:

1. The first call of the docket was made before the selection of the Jury and on the calling over the docket the second time, defendants supposing it was not the per-emtory call, were not ready with their case and the counsel of plaintiff insisting on a trial, and the Judge ruling the party into instant trial, the defendants were taken by surprise.

2. The defendants filed a bill for injunction on the first day of the term and entered a motion on the book, that a motion for an injunction would be made this day. When the case on the law docket was called the defendants asked it to be passed over till the motion for an injunction could be argued, it being set for the same day, which the Court overruled. He believes that the injunction will be granted as soon as it is presented to the Court. That this application is not made for delay but that justice may be done, and that they will be ready for trial at the next term.

The motion for continuance was overruled, Judgment entered for the plaintiff and defendants appealed.

*W. Anderson and B. D. Wright,* for appellants.

*R. L. Campbell,* for appellee.

DuPONT, J. delivered the opinion of the Court.

The assignment of errors filed in this cause presents for our consideration two points 1st. the propriety of the ruling in the Circuit Court; refusing to grant the motion of the defendants below for a continuance of the cause, and 2nd. the sufficiency of the defendants special plea to the plaintiff's declaration.

At common law, the granting or refusing of a motion for a continuance is a matter exclusively within the control, and dependent upon the discretion of the *nisi prius* Judge, and error could not be predicated thereon. Such was the practice in this Court, until it was altered by the Statute which gives to either party in a common law proceeding, the right to assign as error any interlocutory order, which may be made in the progress of the cause. Under the provisions of that act, this assignment of error has been made, and we are called upon to review the decision of the Court on that point. In proceeding to perform that task, it may be laid down as a safe rule for the guidance of the appellate tribunal, that every presumption is to be in favor of the correctness and propriety of the ruling of the Court below, where the same is made in reference to any point which before the passage of the act, was a matter purely of *discretion;* and that to induce this Court to control that discretion, it must be made manifest that injustice or injury has been done to the rights or interests of the party seeking its interference.

The affidavit of the defendant, upon which the motion for the continuance was predicated, alleges that the party was *surprised* into trial, but the circumstances stated, do not in our opinion sustain the allegation. The entire gravamen of the complaint is, that the "parties" were not ready with their case, when the same was called for trial, without sufficiently showing *how* or why they were not ready. The only *issue* before the Court at the time that the motion was made for the continuance of the cause, was upon the plea of *non est factum,* and there is no complaint that the parties were deprived of the benefit of any

evidence to support that plea, by the ruling of the Court. The only allegation contained in the affidavit, which would even seem to tend to that point is, that the defendants had "filed a bill for an injunction on the first day of the Term and had entered" a notice that a motion for an injunction, would be made; but we do not think that such a circumstance would afford any ground for the granting of the continuance, as the injunction, if proper to be granted could be obtained as well after, as before the trial at law. Besides, a continuance had already been granted to the defendants at the previous term of the Court, and there was therefore less excuse for their not being ready to proceed in the trial, at the regular call of the docket.

Upon a careful consideration of all the facts and circumstances as set forth in the affidavit, we are very clearly of the opinion that the Court below did not err, in refusing to grant the motion of the defendants for the continuation.

The second error assigned presents for our consideration the sufficiency of the special plea, alleging a *want of consideration* for the making of the instrument sued upon. The declaration was in debt upon a sealed note, or single bill, and in addition to the special plea before refered to, the defendants also filed the plea of *non est factum.* Upon this latter plea issue was joined, and a demurrer filed to the former; there was a joinder in demurrer, and the ground insisted upon at the argument before us was that the plea was too general, being merely of a negative character, and that it did not set forth affirmatively the circumstances under which the instrument had been executed.

At common law, it is not permitted to a party to attack

the consideration of a sealed instrument in this mode, where the instrument is made the foundation of the action. But our Statute has altered the common law doctrine in this respect, and under its provisions, it may be now done, if the party defendant will support his plea by an affidavit. (Vide Thomp. Dig. 331, part 4.) The plea in this case was accompanied by the affidavit required by the Statute, and if it had been properly pleaded, and the plea sustained by competent evidence, it would have afforded a complete defence to the action. We are of the opinion however, that the objection to the form of the plea, as pleaded in the Court below, was well taken, and that the Court was correct in sustaining the demurrer, and ruling the defendant to plead anew.

Before the adoption of the new rules in England (Reg. Gen. Hill. T. 4. W. 4.) pleas were much more general in their character than they are at this day. Under the old system of pleading, it was a rule admitting of very few exceptions, that no matter which amounted to the general issue, could be made the subject of a special plea. It was objected however, that as a consequence of the general character of the pleadings under that system, plaintiff's were frequently surprised by the facts adduced in evidence at the trial, and to remedy that alleged defect, the new rules were adopted, which require, for the most part, that the facts intended to be relied on as a defence, should be circumstantially set-forth in the body of the plea. We have adopted these new rules, for the government of the Circuit Courts, so far as they are applicable to our system of jurisprudence, and the adjudications which have been made in the English Courts, in regard to these rules, will

Ahren & Hyer *vs.* Willis.—Opinion of Court.

commend themselves to our consideration as authority in the premises. The precise point now under discussion came up in the Court of Exchequer in England in the case of Easton vs. Prachett, (1 Cromp., Meas. and Roscoe, 178,) and it was there decided that the plea of the defendant which merely alleged " that he endorsed the bill without having or receiving any value or consideration whatsoever, in respect to his said endorsement, and that he has not at any time had any value or consideration whatsoever in respect of such endorsement," was too general in its allegations to be in conformity to the requisitions of the new regulations. Lord Abinger, C. B., in delivering the judgment of the Court, says in reference to the form and character of this plea, "it would have been held before the late regulations as to pleadings, as amounting to the general issue. The new regulations do not justify this form of plea. It was intended to make it encumbent to set forth the circumstances under which the bill is sought to be impeached. The plea of the general issue is forbidden by the new rules to be pleaded in an action on a bill of exchange, and the plea of a special matter, which according to the new rules is now to be pleaded, is not to be confined to the effecting the same purpose as a mere notice to prove the consideration. It was intended that the plaintiff should be apprised by the plea of the grounds upon which the defendant objects to the right of recovering upon the bill, as for example, that it was given for the accommodation of the plaintiff, the *onus* of proving which, lies upon the defendant, or that it was given upon a consideration which afterwards failed, which in like manner the defendant must prove, or that it was given on a gambling transaction; and various

simlar cases may be readily suggested. The intention then of these regulations being to give the plaintiff due notice of the real defence which is to be set up, would manifestly fail, if such a general plea as the one in question could be sustained, because the plaintiff would be left in the same state of uncertainty in which he was, before these rules of pleading were introduced." The same point again came up for adjudication in the same Court, in the case of Stoughton vs. Earl of Kilmorey, (2 Cromp. Meas. and Ros. 73) and the former decision made in the case of Easton vs. Prachett, was refered to as decisive of the question. In this latter case, Lord Abinger remarked, "This is a plea in the negative. The object of the rule of pleading was, that all these matters independent of the making of the promise, should be stated affirmatively, in order that the plaintiff might know from the facts stated, what he was come to try. A variety of circumstances might defeat the consideration; they ought therefore to be stated, in order that the plaintiff may know what he is to meet. All the advantages to be derived from the new rules as to pleading would be entirely lost, if this mode of pleading were to be allowed."

It is true, by a provision of our Statute, the *onus* of proving the consideration in the cases of bonds, notes and bills of exchange (which ordinarily import a consideration) may be thrown upon the plaintiff, if the defendant will support his plea by an affidavit of its truth; but this circumstance, so far from operating to relieve the plea from the stringency of the new rules, is in our opinion a potent consideration why it should be applied with the greater particularity, in the practice of our Courts.

Ahren & Hyer *vs.* Willis.—Opinion of Court.

The rule to be deduced from the authorities before cited, we take to be this, that where a defendant intends to rely upon either a want of consideration, or a failure or illegality of consideration, as a defence to the action, he shall set-forth in his plea, so much of the facts or circumstances connected with the transaction as may be necessary to apprise the plaintiff fully of the specific nature and character of the defence which he will be required to meet.

The plea in this case was ᶠwholly and entirely of a negative character. The only allegation therein contained was, that "no consideration passed to said defendants whereon they could be charged by the said supposed writing abligatory," accompanied by noᵢexplanation of circumstances under which the same was executed, or statement of any of the facts connected with the same.

Upon a careful consideration of the point presented by the demurrer, we are inclined to coincide in the view taken of it by the English Court, in the cases before cited, and to decide that the demurrer was well taken.

Let the Judgment of the Circuit Court be affirmed with costs.