## J. M. PHILLIPS *v.* RALPH WORMLEY.

1. CHANCERY PRACTICE. *Dismissal of bill by complainant. When allowed.*
   A complainant in a suit in the Chancery Court may dismiss his bill at any time before the final decision of the cause has been rendered by the chancellor.

2. SAME. *Complainant dismissing his bill. Effect thereof.*
   If a complainant in chancery dismisses his bill after the cause has been set down for final hearing, it will have the effect, unless otherwise ordered by the chancellor, of a dismissal on the merits, and may be pleaded in bar of another suit.

APPEAL from the Chancery Court of Tunica County.

Hon. J. B. MORGAN, Chancellor.

The case is sufficiently stated in the opinion of the court.

*Nugent & McWillie*, for the appellant.

The court had no right to decide the cause upon the facts, and decree that complainant had not established the case presented by his bill, when the complainant had previously dismissed his bill before the clerk. The decree should be so modified as not to conclude the complainant or prejudice his rights in any other proceeding. The complainant paid the costs and had an entry of dismissal made in vacation before the court had acted on the case.

*T. W. White*, for the appellee, filed a brief exclusively upon the merits of the case, which not having been considered by this court, his brief is not reported.

*Frank Johnston*, on the same side.

The cause had not only been set down for final hearing, but had been argued and submitted to the chancellor. The complainant, in this attitude of the cause, could not dismiss the case on his own motion. If he could by his own volition have dismissed his bill, such dismissal would have had the same effect as the decree actually made by the court. In other words, such a dismissal would have been the exact equivalent of a dismissal on the merits. 1 Dan. Ch. Pr. 793.

Before the appearance of the defendant the complainant may dismiss his bill, but after appearance the mode is by order of court, to be applied for by motion. Id. 790.

GEORGE, J., delivered the opinion of the court.

After the cause was argued on final hearing, and whilst it was in the hands of the chancellor on submission, and during the vacation, the appellant went before the chancery clerk and dismissed his bill and paid the costs. Three days thereafter, the chancellor, knowing nothing of this dismissal, so far as the record shows, rendered his decree, also in vacation, dismissing the bill. The rendering of this decree after the voluntary dismissal by the appellant is now assigned for error; the appellant insisting that he had a right to have such a dismissal as would not have prevented his bringing another suit for the same matter. There is no merit in the assignment. It is true that the complainant may, at any time before final decision by the chancellor, dismiss his bill; but if the dismissal is made after the cause is set down for final hearing, it will have the effect, unless otherwise ordered by the chancellor, of a dismissal on the merits, and may be pleaded in bar to another suit. 1 Dan. Ch. Pr. (5th ed.) 793.

Decree affirmed.