JAMES T. MAGBEE, ASSIGNEE OF HENRY PROSEUS, APPEL-LANT, VS. THOMAS P. KENNEDY AND IDA J. KENNEDY, HIS WIFE, APPELLEES.

1. Where there has been failure to take testimony within the time allowed by equity rule 71, and laches in applying for enlargement of time to take it, the enlargement should not be granted except upon strong showing of disqualification or positive hindrance to act, or of excuse in the indulgence or assent of the other side.

2. The matter of enlarging the time is one of discretion, and while the refusal of the judge to grant the enlargement is reviewable on appeal, this Court will act on the presumption of the correctness of the judge's ruling, and will not change it except in a clear case of mistake or hardship, particularly where the judge was in position to understand fully what weight should be given to excuses for delay based on local conditions and usages.

Appeal from the Circuit Court for Hillsborough County.

The facts of the case are stated in the opinion.

*James T. Magbee,* for appellant.

*M. C. Jordan,* for appellees.

Judge Walker, of the Second Circuit, sat in the place of Mr. Justice Mitchell, who was disqualified.

MAXWELL, J.:   This is a chancery suit in which the complainant seeks to set aside certain deeds to the wife of Thomas P. Kennedy, alleged to be in fraud of creditors of Kennedy, so as to let executions against Kennedy, assigned to complainant, run against the property conveyed by said deeds.   There is no question before us on the merits of the case, and it is unnecessary to set out the allegations of the bill.   The only question involved is one of practice growing out of the refusal of the judge to enlarge the time for taking testimony.   Equity rule 71 allows "three months, and no more  *  for the taking of testimony after the cause is at issue, unless the judge shall, upon special cause shown  *  enlarge the time."   The cause was at issue January 7, 1884, replication to the answer having been filed that day.   No other step was taken till April 22, 1884, when the cause was set down for hearing by defendants.   June 2d thereafter, according to notice by complainant, he was to make application to have the time for taking testimony extended.   His application was denied August 5, 1884. There was subsequently a motion for a rehearing of the application, which was also denied.   The only errors assigned for our consideration relate to these refusals to enlarge the time for taking testimony.

In his petition for further time, complainant's excuses for delay are that in consequence of propositions for a compromise he hoped the matters in controversy would be settled out of Court; that he had extended courtesies to defendants by promises not to take advantage of the absence of their counsel; that immediately after the filing of the replication he commenced preparing to take testimony, but the witnesses resided in Pennsylvania, and correspondence was first necessary in order to learn what could be proven to show the untruth of the answer; that he was delayed in

finding out the proper officials and witnesses to make this proof; that as soon as he got the information, after having made every effort for that purpose, he left interrogatories at the office of the solicitor for defendants, but was surprised to find that the cause had been set for hearing. He goes on to speak of the usual courtesies of the bar of the circuit, and of the necessity of this on account of the large extent of the circuit, and the frequent absences of attorneys on business, and of the known liberality of the judge in the exercise of the discretion allowed him to prevent failure of justice. He says, too, his duties as a government official required much of his time, that otherwise could have been devoted to his case. He then recites the substance of the controversy, and states what he expects to prove in support of his bill and against the matters of avoidance in the answer; and, returning to his excuses for delay, refers to the absence of the judge from April 7, 1884, to May 1st thereafter, and then immediate absence till about May 12th.

In addition to his own affidavit verifying the petition, he presented other affidavits, one of which does not touch the question before us; another of which, on that question, was by his associate counsel, who says he was frequently absent on professional and official business, and at other times unavoidably absent, and when at his office at home was busy a greater part of the time in professional and other matters that claimed his almost constant attention; and another by his wife, who says he was seriously sick the greater part of every day from the middle of December, 1883, to the beginning of April, 1884, so that he was wholly unfit to attend to his law business, and that nearly all the work he did as Deputy Collector of Customs at the port of Tampa was done while confined to his room.

This is the strength of his case towards showing "spe-

cial cause," or causes for enlarging the time to take testi-
mony.  As to the matter of delay because of propositions
for compromise, that is denied by the defendant, T. P.
Kennedy, who admits conversations for compromise before
the institution of the suit, but says there was only one such
conversation afterwards, and this was just after the begin-
ning of the suit, and that then he told complainant he could
not agree to his demand, and that he must go ahead with
his suit; and as to courtesies in conducting the suit, Ken-
nedy denies his application for the same, except in a single
instance, when his solicitor was absent in attendance upon
the Supreme Court of the State.  It cannot be claimed,
therefore, in the absence of other evidence, that it is shown
there was excuse for delay in taking testimony because of
pending efforts for compromise, or because of promised
professional courtesy.  And we may as well say here, that
this courtesy, alleged to be usual in the circuit, cannot be
supposed to extend to such abuse of the rights of clients
as would follow from indulgence of clear and continued
*laches*.  Has there been such *laches* in this case?  From
January 11, 1883, when exceptions to the answer were filed,
to July 30th of that year, complainant made no move, so that
under the rules of practice his case was dismissed by the
clerk.  August 15th, he entered a motion to set aside the
order of dismissal, which was granted by the judge Octo-
ber 16th.  Again no move till January 14th, 1884, when by
consent the exceptions were withdrawn. January 7th, repli-
cation was filed.  Then he rests till June 2d, when he ap-
plies for extension of time to take testimony—a default of
near five months after the cause was at issue.  In the mean-
while the defendants, April 22d, had set the case for hear-
ing, this being after issue and after the three months
allowed by the rule for taking testimony had expired.

Such neglect of the case, as shown by these dates, evinces *laches* not to be condoned, except upon very strong showing of disqualification or positive hindrance to act, or of excuse in the indulgence or assent of the other side. We do not find relief for complainant's *laches* in what he says about the residence of witnesses in a distant State, and the delay caused by the necessity for first hearing who they were, and what they could prove, and the difficulty of this; for, with all this admitted, he still had the rule confronting him, and knowing this, being a lawyer of long practice, he also knew that if he needed further time, and the cause for extension was sufficient, it would be granted if applied for within the three months. But he made no application till near two months after the testimony should have been in. We do not mean to say that under no circumstances should application be entertained if not made within three months, but that in this case no cause yet considered was sufficient to justify or excuse delay beyond that time, and in any case the circumstances should be controlling and unavoidable to excuse delay. The only other fact of any consequence is the sickness of complainant during the greater part of the three months within which his testimony should have been taken. It is observable, however, that in the midst of this sickness he withdrew his exceptions to the answer and filed a replication, and that he had a week after the sickness ended before the time expired, but took no legal step whatever for two months. It is further observable that the complainant himself makes no mention of his sickness, as an excuse for non-action, but says instead that immediately after the cause was at issue he commenced preparing to take testimony, and was delayed by non-residence of witnesses, the necessity for correspondence, etc. Besides, it is not shown that during that time his associate

solicitor could not have taken the necessary steps for procuring the testimony, or for getting an extention of time for that purpose. Under these circumstances we think the alleged sickness furnished no sufficient excuse for the delay.

While the discretion of the Court, exercised in refusing to enlarge the time for taking testimony, is reviewable on appeal, this Court will act on the presumption of the correctness of its ruling, and will not change the ruling except in a clear case of mistake or hardship; and it is our opinion that in this case the discretion was exercised properly, and that we should not set aside the order of refusal. As said in Ahren et al. vs. Willis, 6 Fla., 359, it is " a safe rule for the guidance of an appellate tribunal, that every presumption is to be in favor of the correctness and propriety of the ruling of the Court below, where the same is made in reference to any point which * * was a matter purely of discretion." Particularly does this apply here, where the judge was in a position to understand fully what weight should be given to excuses based on the extent of the circuit, absences of the judge and of attorneys, and the professional courtesies usual in the circuit.

The order is affirmed.