GEORGE M. ROBBINS, APPELLANT, VS. R. W. HANBURY ET AL., APPELLEES.

1. Under special circumstances permission may be given at the final hearing of a chancery case to supply defects in testimony, and the cause ordered to stand over for that purpose. This permission is cautiously granted after publication of the testimony has passed, and is generally confined to proofs by documentary evidence, or the execution of deeds and papers, where the dangers attending such proofs are not so great.

2. Where a bill is dismissed without a consideration of the merits, it is the usual practice for the decree to state that the dismissal is without prejudice.

3. The refusal of the chancellor to order a cause to stand over to supply proof of the existence and execution of deeds required to be proven under the pleading will not be reversed when no excuse is offered for the failure to make such proof within the time allowed for such purpose.

Appeal from the Circuit Court for Brevard county.

The facts in the case are stated in the opinion of the court.

*Robbins & Graham*, for Appellant.

*Eppes Tucker*, for Appellee.

MABRY, C. J.:

Appellees, complainants in the court below, filed a bill to cancel two tax deeds executed to appellant and purporting to convey to him the N. E. ¼ of the S. E. ¼ of section 5, township 21, S. R. 35 E., situated in Brevard county, Florida. A demurrer was sustained to the first bill filed, and an amended one alleged that complainants were the owners in fee of said land, and were in possession of the same. The State is alleged to be the source of complainants' title, and the deraignment of their title from the State is set out by deeds of conveyance, the various grantors and dates of the conveyances being stated, and it is alleged that said conveyances were of record in Brevard county, to which reference was asked, and that they be considered as a part of the bill. The tax deeds are alleged to be void for specified irregularities in the tax sale proceedings.

The answer of appellant states that he does not know, and prays strict proof of the allegations as to complainant's title to the land in question prior to the alleged tax sales, and it particularly denies all the allegations as to the irregularities in the tax sale proceedings. It further alleges that the tax sales were regular, and the deeds based thereon valid.

After replication to the answer, the case was referred to a master to take testimony, and his report being filed, the case was set down for final hearing. The order of the court made at the final hearing recites that "after complainants had made their opening argument,

and the defendant had proceeded far enough for the court to be advised that the complainant had made no proof of title or possession," they moved the court to grant further time to take evidence, and that the cause be remanded to the master for that purpose. This motion, it seems, was taken under advisement by the court, and at a subsequent date was overruled and the bill dismissed without prejudice. From this decree the defendant below appealed, and his contention is that the bill should have been dismissed generally, and not without prejudice.

The general rule is that a decree in absolute terms dismissing a bill in equity, unless made on some ground not involving the merits of the cause, is a final determination of the controversy, and a bar to any further litigation of the same subject between the same parties. Where, however, the bill is dismissed without a consideration of the merits, it is the usual practice for the decree to state that the dismissal is without prejudice. Durant vs. Essex Company, 7 Wall. 107; Robinson vs. Sampson, 26 Maine, 11; 2 Beach's Modern Equity Practice, sec. 643. Under special circumstances permission has been given at the hearing to supply defects in testimony, and the cause has been ordered to stand over for that purpose. It is stated in 1 Daniel's Chancery Pl. & Pr. (6th ed.), 858, that where "through inadvertence or negligence the plaintiff has omitted to prove some particular fact which is necessary to support his case, the court sometimes will permit him to supply the defect, by giving him leave to prove the fact omitted." This permission, is however, cautiously granted after publication of the testimony has passed, and is, generally, confined to proofs by documentary evidence, or the execution of deeds and other papers

where the dangers attending such proofs are not so great. In the case of Cox vs. Allingham, 1 Jacobs (4 Eng. Chy.), 337, a motion was made at the hearing, based on affidavit, for leave to prove the loss of a deed. The answer admitted the deed as set forth in the bill, but demanded its production by plaintiff. The Master of the Rolls stated his "strong impression of the dangers that would arise, if in every instance a party, whose case broke down at the hearing, were to be at liberty to go into further evidence. To encourage it would be to subvert the whole practice of the court." He further stated, "let us consider what would be the result at law, if the plaintiff coming to trial had omitted to produce a necessary witness; he must unquestionably fail, but how would he fail? It would not be a decision binding on his right, or barring another action; it would be a non-suit. Then if the same thing happened in equity, what would be the analogy? The court would not dismiss the bill without liberty to file another; the court would not decide it finally and conclusively, so that the dismission would be pleaded in bar to a new bill." And in referring to the proof desired to be offered, it was observed that it related only to the proof of a document, and there was no danger that plaintiff might profit by the publication having passed, or that the defendants might be taken by surprise, as they must have known that it was to be proved. In Desplaces vs. Goris, 5 Paige, 251, a written agreement set out in the bill was admitted by the answer of one defendant, but not by the others who claimed through him. Complainants' counsel, under a misapprehension of the law, closed the proofs and brought the case on for a hearing without making proof of the agreement, and being met at the hearing with an ob-

jection that the agreement should have been proved as against the defendants not admitting it, asked leave to make the proof. It was held that the court might suspend the argument and give complainant an opportunity to prove the agreement in the usual way before an examiner. The chancellor stated that the only effect of denying the application would have been to subject the parties to the delay and expense of a new suit, as it would, under the circumstances, be a matter of course to permit the complainants' bill to be dismissed without prejudice to his right to proceed *de novo*.

In the present case it is made to appear that during the hearing, and after the court had become advised that no proof of title or possession on the part of complainants had been made, application was made to remand the cause to the master to take evidence. The answer made no reply whatever to the averment in the bill that complainants were in possession of the land, and no excuse was offered, so far as disclosed by the record, for not making proof as to title. If counsel for complainants were laboring under the impression that no proof of title was required under the state of the pleadings they were mistaken, as the answer pointedly demanded such proof. 1 Beach's Modern Equity Practice, sec. 379. Had the application to take further proof been confined to the documentary evidence of title, and sufficient excuse had been shown for not taking it within proper time, there would be foundation for the contention that the court erred in denying the application, but no such application and showing were made, and error can not be predicated upon the ruling of the court. In our opinion the decree dismissing the bill without prejudice should not

be disturbed.    So far as the record discloses, the omission to make proof of title prevented a full presentation of complainants' case on its merits, and such proof, under the pleadings could only be made by documentary evidence.    The chancellor was in a situation to comprehend all the circumstances of the case, and the exercise of his discretion in dismissing the bill without prejudice, in view of the slip of neglect of counsel in producing the character of testimony referred to, should not be disturbed.

The decree will be affirmed.