DaCosta v. Dibble.—Syllabus.

---

A. J. DaCosta as Executor of the Last Will and Testament of Mary E. Shuford, Deceased, Appellant, vs. William Dibble and J. B. Bunce as Executors of the Last Will and Testament of Calvin B. Dibble, Deceased, and J. B. Bunce, Appellees.

1. A pure plea in equity must be direct and positive; it must not state matters by way of argument, inference or conclusion; it must aver all facts necessary to render it a complete equitable defense to the case made by the bill, so far as the plea extends; and where its allegations, being taken as true, do not so far as it purports to extend, make out a full and complete defense, or where the necessary facts are to be gathered by inference alone, it will not be allowed upon argument.

2. A plea of equity setting up a former decree in bar must show that the former suit was substantially between the same parties for the same subject mattter. It must set forth so much of the former bill and answer as will suffice to show that the same point was then in issue, and it should aver that the allegations as to the title to relief against the defendant were substantially the same in the second bill as in the first.

3. After a cause in equity has been set down for final hearing

after issue and expiration of the time for taking testimony, the complainant has no absolute right to a dismissal of his bill without a hearing upon the merits; nor is the court confined to an order of dismissal for want of prosecution in case the complainant fails to appear at or proceed with the hearing.

4.  Although every dismissal of a bill in equity upon final hearing is not necessarily an adjudication upon the merits, yet the rule is that where the cause is at issue and on final hearing either upon pleadings and testimony, or upon the pleadings after the time for taking testimony has expired, a dismissal of the bill by the court, even if done on the complainant's motion, is deemed to be a dismissal upon the merits—this being a conclusive presumption from the record where the order is not made "without prejudice," and nothing appears to show that the dismissal was upon other grounds.

5.  An appeal from a final decree in one case cannot bring up for review an order made by the same court in another independent proceeding. even though between the same parties.

In the Supreme Court of Florida, June Term, A. D. 1898.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

*Hampton & Ammons* for Appellants.

*T. M. Day, Jr.* for Appellees.

(Judge Maxwell, of the First Judicial Circuit, sat in place of Mr. Chief-Justice Taylor, who was disqualified.)

PER CURIAM:

On June 8th, 1883, Mary E. Shuford filed her bill in the Circuit Court of Alachua county against Calvin B. Dibble and Jonathan B. Bunce praying, among other things. that said defendants be decreed to be trustees for complainant of certain lands described in the bill, and required to execute deeds conveying said lands to her in fee simple.   On August 6, 1883, the defendants

filed their plea to the whole bill, alleging "that here-
tofore, to-wit: in November, A. D. 1881, the said com-
plainant filed her bill of complaint in this Honorable
Court, and herein set out the same facts and circum-
stances and made the same allegations and set up the
same grounds of relief, and contained the same prayer,
as set out and made and contained in this bill. Af-
terwards, to-wit: on the rule day in January, A. D. 1882,
the defendant Calvin B. Dibble filed his answer to said
bill and denied all and singular the allegations and facts
upon which the complainant based her ground of relief.
And afterwards, towit: the rule day in March, A. D.
1882, the complainant filed her general replication to
said answer and joined issue thereon. These defendants
further say that the complainant in said bill had ample
time and opportunity to take testimony in said case, and
neglected and failed to do so. That long after the time
allowed by law for taking testimony had elapsed, to-
wit: some eight months thereafter, the defendant regu-
larly set down said case for hearing on bill and answer.
And afterwards, the defendants duly notified the com-
plainant that the defendants would bring said cause to
a hearing before his honor Thos. F. King, in chancery
sitting, upon bill and answer on a certain day mentioned
in said notice. In pursuance of said notice, and some-
time before this bill was filed, said cause was brought to
a hearing in the presence of complainant's and defend-
ants' solicitors before his honor Thos. F. King, in chan-
cery sitting, and thereupon, upon motion of the com-
plainant, a final decree was signed and enrolled by the
said chancellor dismissing said bill at complainant's cost,
which order or decree was final in the premises, and was
a full and ample adjudication of the rights, interests and
claims of the complainant, and is a bar to this suit."
Mary E. Shuford and Calvin B. Dibble having died, the

DaCosta v. Dibble.—Opinion of Court.

cause was revived by an order dated February 10, 1887, making A. J. DaCosta, executor of the will of Mrs. Shuford, and William Dibble and J. B. Bunce, executors of the will of Calvin B. Dibble, parties. The plea was set down for argument and on February 16, 1894, the court allowed the plea, with leave to complainant to reply thereto. Replication having been filed, testimony was taken, and upon final hearing the plea was sustained and the bill dismissed by decree dated January 28, 1895. From this decree the present appeal was taken.

It appears from the testimony that the decree mentioned in the plea had not, at the time it was first offered in evidence, been recorded upon the minutes of the Circuit Court. The appellees requested the clerk to record the same, but he declined to do so. Thereupon they entered a motion in the former suit for a rule against the clerk to show cause why he should not be required to record the decree. The rule was granted and thereupon the appellant entered a motion in the former suit to amend the decree of dismissal entered therein by adding "without prejudice." This motion was denied, and the rule against the clerk was made absolute. The errors assigned in this court relate to the order allowing the plea of former decree upon argument, the order refusing to amend the decree of dismissal in the former suit, and the decree finding the plea to be true under the evidence and dismissing the bill.

1. The Circuit Court erred in allowing the plea upon argument. This plea relies wholly on matter *dehors* the bill, and it is what is technically called a pure plea. Bouvier's Law Dic. *title*, Pure Plea. One requisite of such a plea is that it should clearly and distinctly aver all the facts necessary to render it a complete equitable defense to the case made by the bill so far as the plea extends. It should be direct and positive, and not state matters by way of argument, inference or conclusion.

Where its allegations being taken as true, do not so far as it purports to extend, make out a full and complete defense, or where the necessary facts are to be gathered by inference alone, it will not be sustained. Story's Eq. Pl. §§658-662; Cheney v. Patton, 134 Ill., 422, 25 N. E. Rep. 792. This plea attempts to set up a former decree in bar of the present bill. A plea of this character must show that the former suit was substantially between the same parties and for the same subject-matter; it must set forth so much of the former bill and answer as will suffice to show that the same point was then in issue, and it should aver that the allegations as to the title to relief against the defendant were substantially the same in the second bill as in the first. Marvin v. Hampton, 18 Fla. 131, text 146; Story's Eq. Pl. §791; Mitford & Tyler's Pl., p. 329; 1 Beach Modern Eq. Pr., § 310; 1 Daniel Chy. Pl. & Pr. *661; Jourolmon v. Massengill, 86 Tenn. 81; Lyon v. Talmadge, 14 Johns. 501, text 511; Child v. Gibson, 2 Atk. 603; Western M. & M. Co. v. Virginia Cannel Coal Co. 10 W. Va. 250. Tested by these rules, this plea is insufficient. It does not allege directly that defendants Dibble and Bunce were parties to the former decree. It alleges that "complainant filed her bill of complaint," but does not allege who, other than complainant, were parties thereto. The plea does not even intimate that Bunce was a party to the former bill, and we can only infer that Dibble was from the statement that "defendants Calvin B. Dibble filed his answer to said bill." No part of the former proceedings are set forth in or otherwise exhibited as a part of the plea. The statement that complainant in her former bill "set out the same facts and circumstances and made the same allegations and set up the same grounds of relief, and contained the same prayer, as set out and made and contained in this bill," and that Dibble filed his answer to said bill, "and denied all and singular the

allegations and facts *upon which* the complainant *based her ground* of relief", are mere legal conclusions upon which no issue of fact could have been joined. Heatherly v. Hadley, 2 Oregon, 269; Philipowski v. Spencer, 63 Texas, 604. If the plea had not been defective in the particulars pointed out, we think its other allegations would be sufficient to show that the former decree pleaded was a final one upon the merits, and therefore a bar to the present bill. The plea alleges that an answer was filed to the bill and a replication to the answer. Under our rules of practice the cause was then at issue, and three months were allowed to take testimony. Circuit Court Eq. Rules 67-71. The ple alleges that long after the time allowed by law for taking testimony had elapsed, the defendant regularly set the cause down for hearing and notified complainant that the cause would be brought on for hearing upon bill and answer on a certain day; that in pursuance of such notice the parties appeared before the chancellor, and thereupon on motion of complainant a final decree was signed and enrolled by the chancellor dismissing said bill at complainant's cost. Circuit Court Equity Rules 85 and 86 authorize either party to set the cause down for hearing at any time after it is at issue and the time for taking testimony has elapsed, and provide that after a cause has been set down for hearing either party may upon notice to the adverse party have it heard on a day to be named in such notice, and if on the day named one or the other of the parties shall not attend, the cause may nevertheless be proceeded in and the court shall render such decree as the right and justice of the case may require. It is thus apparent that after a cause has been set down for final hearing after issue and the expiration of the time for taking testimony, the complainant has no absolute

right to a dismissal of his bill without a hearing upon the merits, nor is the court confined to an order of dismissal for want of prosecution in case the complainant fails to appear at, or proceed with, the hearing. And while every dismissal upon a final hearing is not necessarily an adjudication on the merits, yet the rule is that where the cause is at issue and on final hearing either upon pleadings and testimony, or upon the pleadings after the time for taking testimony has expired, a dismissal of the bill by the court, even if done on complainant's motion is deemed to be a dismissal upon the merits—this being a conclusive presumption from the record, where the order is not made "without prejudice," and nothing appears to show that the dismissal was upon other grounds. Lyon v. Perin & Gaff Manufg. Co., 125 U. S. 698, 8 Sup. Ct. Rep. 1024; Bigelow on Estoppel, 58; Borrowscale v. Tuttle, 5 Allen, 377; Edgar v. Buck, 65 Mich. 356, 32 N. W. Rep. 644; Phillips v. Wormley, 58 Miss. 398; Freeman on Judgments, § 270; Ogsbury v. LaFarge, 2 N. Y. 113; Durant v. Essex Company, 7 Wall. 107; Rumbly v. Stainton, 24 Ala. 712; Loudenback v. Collins, 4 Ohio St. 251; Foote v. Gibbs, 1 Gray, 412; Bigelow v. Winsor, 1 Gray, 299; Martin v. Evans, 85 Md. 8. See, also, Robbins v. Hanbury, 37 Fla. 468, 19 South. Rep. 886.

II.   As to the second error assigned, it is sufficient to say that this appeal purports to be "from the final decree made and rendered in this cause by the Honorable W. A. Hocker, Judge of the said Circuit Court, on the 28th day of January, A. D. 1895, and all interlocutory orders and decrees made and rendered herein," as stated in the entry, and that the order denying the motion to amend the former decree was not made in this cause, but in a separate and independent suit, *viz*: the suit in which such former decree was entered. An ap-

peal in this case can not bring up for review orders made in the former suit, even if the entry of appeal had attempted to do so.

III. In view of our conclusion that the plea was defective, we do not consider the third error assigned.

The final decree dismissing the bill, and the order allowing the plea upon argument, are reversed, and the cause is remanded with directions to the Circuit Court to enter an order overruling the plea and for such further proceedings as may be consistent with equity practice.