Lykes v. Beauchamp—Syllabus.

H. T. LYKES, JR., APPELLANT, v. AMANDA BEAUCHAMP, APPELLEE.

1. Where there has been a failure to take testimony in a suit in equity within the time allowed by Equity Rule No. 71, and laches in applying for an enlargement of the time in which to take it, the enlargement should not be

granted, except upon a strong showing of disqualification or positive hindrance to act, or of excuse in the indulgence or assent of the other side.

2. The matter of enlarging the time for the taking of testimony in a suit in equity is for the court below to decide, resting within the sound judicial discretion of such court, and ordinarily the determination of this question will not be disturbed by an appellate court; yet such ruling is reviewable on appeal, and where it is plainly made to appear that there has been an abuse of this judicial discretion it is the duty of an appellate court to interpose, and correct the same.

3. After a cause in equity has been set down for a hearing, as provided for by Equity Rule No. 86, while the court or judge may, for good cause, open the same to allow further time for taking testimony, in accordance with the provision of such rule, yet, where no application has been made within the time fixed by Equity Rule No. 71, the circumstances should be controlling and unavoidable to excuse the delay, and an appellate court will not disturb the ruling of such court or judge in denying such application, unless it is plainly made to appear that there has been an abuse of judicial discretion.

4. After a cause in equity has been set down for a final hearing after issue and expiration of the time for taking testimony, in accordance with the provisions of Equity Rules Nos. 85 and 86, the complainant has no absolute right to a dismissal of his bill without prejudice, this being a matter resting within the sound judicial discretion of the court below, and an appellate court will not disturb such ruling, unless it is plainly made to appear that there has been an abuse of such judicial discretion.

5. Although every dismissal of a bill in equity upon final hearing is not necessarily an adjudication upon the merits, yet the rule is that where the cause is at issue and on final hearing either upon pleadings and testimony, or upon the pleadings after the time for taking testimony has expired, a dismissal of the bill by the court, even if done on the complainant's motion, is deemed to be a dismissal upon

the merits—this being a conclusive presumption from the record where the order is not made "without prejudice," and nothing appears to show that the dismissal was upon other grounds.

6.  When a general replication is filed to an answer in chancery, it thereby puts in issue all the matters alleged in the bill and denied in the answer, and it is incumbent upon the complainant to prove all such matters by at least a preponderance of the evidence, the oath to the answer being waived.

7.  On a final hearing of a cause in equity upon bill, answer and replication, after the time for taking testimony has expired, every averment in the answer responsive to the bill is taken as true.

This case was decided by Division A.

Appeal from the Circuit Court for Hillsborough County.

STATEMENT.

The appellant filed his bill in chancery in the Circuit Court for Hillsborough county against the apellee on the 22nd day of October, 1903, for the reformation of the description of certain lots of land embraced in a deed executed by the appellant to the appellee on or about the 12th day of October, 1903. To this bill the appellee filed her answer and demurrer on the 21st day of December, 1903. On the first day of February, 1904, the appellant filed his amended bill, to which the appellee filed her answer, incorporating a demurrer therein, on the 4th day of March, 1904. The appellant filed a general replication to this answer on the 2nd day of May, 1904.

On the 22nd day of October, 1904, a notice of final hearing of the cause before the Judge of the Fourth Judicial Circuit, for the 15th day of November, 1904, with the ac-

ceptance of service thereon by the solicitor for the appellant, was filed. On the 12th day of November, 1904, the appellant filed a motion for "extension of time to take testimony and affidavits attached thereto," together with a notice calling the same up for a hearing before the Judge of the Fourth Judicial Circuit on the 14th day of November, 1904, with the acceptance of service thereon by one of the solicitors for the appellee, and on the 28th day of November, 1904, filed additional affidavits in support of the motion.

On the 29th day of November, 1904, the Judge of the Fourth Judicial Circuit made an order denying the motion for an extension of time to take testimony, reciting therein that affidavits in support of and against the motion had been submitted, and that the Judge of the Sixth Judicial Circuit was disqualified from acting in the cause.

On the 14th day of December, 1904, the appellant filed a motion to dismiss the cause without prejudice.

On the 3rd day of January, 1905, the Judge of the Fourth Judicial Circuit rendered a final decree denying the motion of the appellant to dismiss without prejudice, finding that the appellant had failed to establish the equity set up in his bill, and dismissing the bill at the appellant's costs.

An appeal has been entered to the present term of this court by the appellant from the interlocutory order of the 29th day of November, 1904, and the final decree rendered the 3rd day of January, 1905.

*Solon B. Turman,* for Appellant.

*F. M. Simonton* and *A. W. Cockrell & Son,* for Appellee.

SHACKLEFORD, J., (after stating the facts.)

Three errors are assigned, the first being based upon the interlocutory order and the other two upon the final decree.

It is contended by the appellant that the Chancellor erred in making the interlocutory order denying his motion for an extension of time in which to take testimony. The case of Long v. Anderson, 48 Fla. ...... 37 South. Rep. 216, is cited in support of this contention. We are of the opinion that the cited case, instead of supporting this contention, is adverse to it. In the seventh head note thereof we said that "The matter of extending the time for the taking of testimony in an equity suit is for the court below to decide, resting within the sound judicial discretion of such court, and ordinarily the determination of this question will not be disturbed by an appellate court; yet such ruling is reviewable on appeal, and where it is plainly made to appear that there has been an abuse of this judicial discretion it is the duty of an appellate court to interpose, and correct the same."

Equity Rule 71 provides that "Three months, and no more, shall be allowed for the taking of testimony after the cause is at issue, unless the judge shall, upon special cause shown by either party, enlarge the same; and no testimony taken after such period shall be allowed to be read in evidence at the hearing."

As is disclosed by the transcript of the record, the replication to the answer was filed on the 2nd day of May, 1904, hence the three months allowed for taking testimony under the rule just cited expired the 2nd day of August, 1904, and yet, so far as we are advised by the transcript, no testimony was taken by the appellant during that time,

22 S C

and no application was made for an enlargement of the time until the 12th day of November, 1904, which was after notice of final hearing of the cause had been served upon the solicitors for the appellant. The only "special cause shown" to the Chancellor was an affidavit from one of the three solicitors for the appellant to the effect that from the time of the filing of the replication up to the 7th day of November, 1904, such solicitor had been very much occupied with his law practice, including his duties as City Attorney of the City of Tampa, having been called away from said city on professional business a number of times, and also had been the campaign manager of one of the candidates for Mayor of the City of Tampa, and in addition thereto, had been absent from the city for about a month under medical treatment. Said affidavit further states that, while appellant held the legal title to the land in question, Solon B. Turman, who was one of the solicitors for the appellant, was the real owner and that affiant had been acting as solicitor in the cause more through courtesy to the said Turman than from any other consideration. In this affidavit, as well as in the other three affidavits filed by appellant in support of his motion, the names of certain witnesses are set forth and the facts which the appellant expected to prove by them in support of the allegations in his bill. The appellee also filed one affidavit from one of her witnesses controverting some of the statements set forth in some of the appellant's affidavits. It is unnecessary to set forth the substance of these affidavits. The oath to the answer was waived, but by filing a general replication thereto the appellant thereby put in issue all the matters alleged in the bill and not admitted in the answer, and it was, therefore, incumbent upon the appellant to prove all of the material allegations of his bill by at least a preponderance of the evidence.

Parken v. Safford, 48 Fla. ......, 37 South. Rep. 567, and authorities there cited. The answer was responsive to the bill, and positively denied the material allegations therein upon which the appellant based his claim to the relief sought. To say the least of it, it is exceedingly doubtful whether or not it was made to appear from the affidavits that the appellant could have maintained the burden so cast upon him by law. Be that as it may, no "special cause" was shown to the Chancellor to warrant him in enlarging the time for the taking of testimony. The difference in the showing made in the instant case and in the case of Long v. Anderson, *supra,* is too obvious to require comment. Also see Magbee v. Kennedy, 26 Fla. 158, 7 South. Rep. 529, which is directly in point, an application having been made for an enlargement of the time in that case after the three months had expired and after the case had been set down for a final hearing.

The second error assigned is based upon the denial of the Chancellor at the final hearing of the motion of the appellant to dismiss the bill without prejudice.

The only authority cited by the appellant in support of this assignment is the case of Long v. Anderson, *supra.* We are of the opinion that the appellant has again been unfortunate in his selection of an authority. In that case the point presented to us for determination was as to the right of the complainant to dismiss his bill *before the hearing* by the mere filing of a praecipe for dismissal in the clerk's office, no order of the court being obtained. It is unnecessary to repeat what we said there, as the opinion therein is of recent date.

The case of DaCosta v. Dibble, 40 Fla. 418, 24 South. Rep. 911, is in point and is adverse to the contention of appellant. The instant case had been set down for a hear-

ing by the appellee, as we have seen, under the provisions of Circuit Court Equity Rules 85 and 86, and the Chancellor in the exercise of his judicial discretion had already denied the motion of the appellant for an enlargement of the time for the taking of testimony, deciding that no "special cause" or "good cause" had been shown to warrant him in opening the same to allow further time for taking testimony. In the cited case we held that "the complainant has no absolute right to a dismissal of his bill without a hearing upon the merits," but that it was for the Chancellor to decide whether or not the bill should be dismissed without prejudice. Also see the authorities therein cited, especially Robbins v. Hanbury, 37 Fla. 468, 19 South. Rep. 886. We would refer to Ahren v. Willis, 6 Fla. 359, cited and approved in Magbee v. Kennedy, *supra*, text 163. We are of the opinion that, upon the showing made before him at the final hearing, the Chancellor did not abuse his judicial discretion in denying the motion of the appellant to dismiss the bill without prejudice, and we must refuse to disturb his ruling.

The only remaining error to be considered is based upon the rendering of the final decree dismissing the bill. From what has already been said, a discussion of this assignment becomes unnecessary. The appellant failed to sustain the allegations in his bill, therefore the Chancellor rightfully found against him and ordered the bill dismissed. See Pierce v. Brunswick & Balk Co., 23 Fla., 283, 2 South. Rep. 366; Ropes v. Jenerson, 45 Fla. 556, 34 South. Rep. 955.

Finding no error in the record, the order and decree appealed from must be affirmed, and it is so ordered, at the cost of the appellant.

WHITFIELD, C. J., and CARTER, J., concur.

TAYLOR, P. J., and HOCKER, J., concur in the opinion.

COCKRELL, J., did not participate in the decision.