JAMES M. MEFFERT, APPELLANT, v. WETHERED B. THOMAS, APPELLEE.

### EQUITY PRACTICE—DISMISSING BILL WITHOUT PREJUDICE—JUDICIAL DISCRETION.

Where a bill in equity to remove cloud from title to real estate is answered and replication is filed, but no testimony is taken by either party within the time allowed by the rules, and the cause is heard on the motion of the defendant, upon the bill, answer and replication, and the cause is such that the merits cannot be passed upon justly and equitably in the absence of evidence *dehors* the pleadings, it is within the sound judicial discretion of the Chancellor to dismiss the bill *without prejudice* to the rights of the complainant, thereby enabling him to relitigate the matter in controversy, and an appellate court will not adjudge such ruling to be error, unless it is made clearly to appear that the judicial discretion thereby exercised has been abused to the material detriment of the party affected by the ruling.

This case was decided by Division B.

Appeal from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the Court.

*W. K. Zewadski,* for Appellant.

*Wethered B. Thomas, in pro per.*

TAYLOR, J. The appellee filed his bill in equity in the Circuit Court of. Marion County against the appellant for the removal of alleged clouds upon the title of appellee to certain lands located in Marion County. The appellant, defendant below, answered the bill denying the alleged possession and title of the complainant to the lands in question, set up adverse title in himself, by mesne conveyances from the original grantees of the State, and also title by undisturbed possession for more than seven years. General replication was filed. Several extensions of time for taking testimony in the case were granted to the parties and a master appointed to take the same, but the parties, both complainant and defendant failed to introduce any evidence, and the cause, on the motion of defendant below, was set down for final hearing on bill, answer and replication. The court entered a decree at the hearing dismissing the bill at complainant's costs but *without prejurice.*

From the decree dismissing the bill *without prejudice,* the defendant below appeals here, assigning as error the *"without prejudice"* feature of the court's decree, contending that the decree should have been made absolute so as to operate as a final adjudication of the controversy.

We cannot adjudge this to be error. Under the circumstances disclosed by the record it was a matter within the sound judicial discretion of the court below as to whether he would so shape his decree as to make it a final adjudi-

33 S. C.

cation of the controversy between the parties, or dismiss the complainant's bill without prejudice, thereby enabling him to relitigate the matter under more fortuitous conditions so far as proper attention to his case is concerned. It has been held here repeatedly, as well as elsewhere, that rulings resting within the sound judicial discretion of the trial court will not be disturbed by an appellate court unless it clearly appears that there has been an abuse of such discretion to the material detriment of the party affected by the ruling. Ahren v. Willis, 6 Fla. 359; DaCosta v. Dibble, 40 Fla. 418, 24 South. Rep. 911; Robbins v. Hanbury, 37 Fla. 468, 19 South. Rep. 886; Long v. Anderson, 48 Fla. 279, 37 South. Rep. 216; Lykes v. Beauchamp, 49 Fla. 333, 38 South. Rep. 603.

In the condition in which the record stood before the chancellor at the final hearing had in this case it was impossible, in the absence of any evidence whatever, for the court to pass upon the real merits of the controversy between the parties, and we do not think that from the standpoint of justice and equity, there was any abuse of judicial discretion in saving to the complainant the right to relitigate the matter, as was done by the decree of dismissal without prejudice.

The decree of the court below in said cause is hereby affirmed at the cost of the apellant.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.