EDWIN NELSON, *Plaintiff in Error,* v. R. E. HALL, *Defendant in Error.*

Opinion Filed June 25, 1913.

1. It is permissible to make the allegations of fact set out in one plea, a part of the averments of another plea, by apt words of allegation or averment, but a plea which simply refers to the reasons or conditions set forth in another plea, is bad in substance.

2. Where a written demand was made by the plaintiff for a jury trial of a traverse by the defendant of the allegations of an affidavit in attachment, the trial court erred in refusing a jury trial under section 2120 Gen. Stats. of 1906, and where the demand and refusal appear in the record proper, a bill

of exceptions was not necessary for a review of the act of the trial judge refusing the jury trial.

Writ of Error to the Circuit Court of Dade County; L. W. Bethel, Judge.

Judgment reversed.

*Hudson & Boggs,* for Plaintiff in error;

*Atkinson, Gramling & Burdine,* for Defendant in error.

HOCKER, J.—Edwin Nelson brought an action at law in the Circuit Court of Dade County against R. E. Hall, and upon a trial there was a verdict and judgment for the latter, which is here for review on writ of error.

The declaration contained five counts. The first two were common counts, the first for work done and materials furnished, and the second for money paid plaintiff, claiming in each $1,500.00. The third count is based on a promissory note dated 20th of March, 1908, executed by the defendant to the International Harvester Company of America for $500.00 payable on or before the 1st of January, 1909, endorsed by the Harvester Company to the Miami Hardware Company, and endorsed by the latter to the plaintiff. The fourth count is based on a promissory note dated 20th of March, 1908, executed by defendant to the International Harvester Company of America for $395.50, payable on or before the 1st of March, 1909, endorsed by the Harvester Company to the Miami Hardware Company, and by the latter to the plaintiff. The fifth count is based on a note dated 20th of March, 1909, for $395.50 payable on or before the 1st of May, 1909, executed by the defendant to the International Har-

vester Company of America, endorsed by the latter to the Miami Hardware Company and by it to the plaintiff. The notes are attached to the declaration, and also an account for $22.45.

The defendant filed a plea of never was indebted as alleged, and a second, third and fourth plea. In the second plea the defendant set up in substance that through W. F. Miller as his agent, and through the agent of the International Harvester Company, whose name is unknown to the defendant, the said Miller being at the time associated with the plaintiff, and representing themselves as Agent of the International Harvester Company, to whom the notes were given, warranted that on or before September, 1908, an engine and pump and other machinery, for which the notes were given by the defendant, would be set up and water supplied on the lands of defendant; that an appliance would be attached to said machinery so that the engineer in charge could turn all the pipes at one time to throw water, with a drum attached to the engine to turn the pipes automatically, and the agents, by these and other promises, induced defendant to make the purchase and sign the notes; that plaintiff through his agents was aware of the understanding; that the crops grown or raised on the land would be sufficient to pay the notes; that the machinery was not installed according to contract, but was installed and water flowing not before 19th of November, 1908; that relying on the promises aforesaid defendant planted crops on the land during August and September of the said year, and by reason of the failure of the water supply the crop was greatly damaged and the proceeds thereof not sufficient to pay for labor and fertilizer; that the attachment for turning the pipes was not put in; and

that defendant was thereby damaged $2,500.00 which he is willing to set off against plaintiff's claim.

In the third plea defendant alleges that at the time the notes were executed by defendant, plaintiff was agent of the International Harvester Company and that he is not a bona fide owner or holder without notice, and for the reasons stated in the second plea he is not entitled to recover any sum whatever.

In the fourth plea defendant says the notes were given to the International Harvester Company, and that said defendant (plaintiff) is not a bona fide holder in due course without notice, and that the said International Harvester Company through its agent, offered to set up the machinery referred to in the second plea on or before September, 1908, and agreed to furnish and set up said machinery, which would in all respects be satisfactory and in accordance with the conditions as set forth in the third plea. But that the International Harvester Company and its agent failed to do so, whereby there was a failure of consideration, and defendant says he is not indebted to the International Harvester Company in any way whatever. The foregoing contains the substance of the pleas.

The plaintiff demurs severally to the third and fourth amended pleas as being bad in substance. The grounds of demurrer, are, first, that neither of said pleas sets up any valid defense, and, second, that neither of said pleas is complete and in intelligible in itself. The demurrers were overruled, and the record shows that plaintiff filed a replication to the amended pleas, and as no other replication is of record, this was probably a mere joinder of issue: On the trial there was a verdict for the defendant and judgment against the plaintiff, to which a writ of error was sued out.

There are nine assignments of error, and we will discuss such of them as are necessary to a disposition of the case.

The first assignment argued is the seventh, which questions the action of the court in overruling plaintiff's demurrer to the third and fourth amended pleas. The objection urged to each of these pleas is, first, that they are bad in substance; second, neither of said pleas set up any valid defense, and, third, neither of said pleas are complete and intelligible within itself.

In the case of Florida Cent. & P. R. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338, this court on page 55 says: "While we do not commend the practice, we think it is permissible in common law pleading to refer to, and thereby make a part of one count, the whole or a part of the allegations of another count in the same declaration. To be effective, however, the reference should be definite and certain." In the cited case the language employed to connect the second and third counts of the declaration with the first is, "And for a second (third) count the plaintiff avers each and every the allegations of the first count," etc. In the instant case neither the third nor the fourth plea contains any averment which makes the allegations of the second plea a part of those pleas. It is a fundamental rule that a plea should set up facts which if true constitute a defense to the suit. The third plea refers to the *reasons* stated in the second plea, but not to the facts. The fourth plea simply refers to the *conditions* as set forth in the third plea. The third plea in itself contains no conditions. We are not disposed to go further in relaxing the rules of pleading than this court went in the case of Florida Cent. & P. R. R. Co. v. Foxworth, *supra*. Facts must be pleaded in issuable form and not "reasons" and "conditions." Especially is this

true of a plea of failure of consideration. Ahren & Hyer v. Willis, 6 Fla. 359; Jones v. Streeter, 8 Fla. 83. It seems to us that the third and fourth pleas are defective in substance, and the demurrer to them should have been sustained on that ground.

The only other assignment of error it is proper to consider is based on the refusal of the court to grant a written demand made by the plaintiff for a trial by a jury of the traverse by the defendant of the allegations of plaintiff's affidavit in attachment. The point is made by defendant that this matter is not presented by bill of exceptions. We think this written demand filed in the record and the order of the judge denying same are properly before us for consideration. The demand for a jury trial is a procedure or pleading in the case, under section 2120 Gen. Stats. of 1906, relating to attachment proceedings. A bill of exceptions was not necessary to bring these matters before this court. If there had been a jury trial, then a bill of exceptions would have been necessary to bring up for review the evidence adduced and the rulings thereon. We think the judge erred in refusing a jury trial.

We cannot say from a consideration of the whole record before us that rulings on the demurrers to the third and fourth pleas were harmless errors, and, therefore, the judgment of the Circuit Court is reversed and the case remanded for further proceedings in accordance with law.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.