JAMES THOMPSON, *Appellant*, v. LAURA W. THOMPSON, *Appellee*.

Opinion filed March 1, 1918.

1.  The matter of extending the time for the taking of testimony in an equity suit is within the sound judicial discretion of the judge of the court below, and although reviewable on appeal, his action will not be disturbed unless an abuse of discretion is plainly made to appear.

2.  The foregoing rule applies with special force in a proceeding for divorce where no final decree can be rendered without testimony.

Appeal from Circuit Court for Duval County, Daniel A. Simmons, Judge.

Order affirmed.

*M. C. Jordan* for Appellant;

*Swearingen & Guthrie,* for Appellee.

BROWNE, C. J.—This is an appeal from interlocutory orders of the Judge of the Circuit Court for Duval

County, and the sole error assigned is that "the court erred in making the order extending the time for taking the testimony and appointing a Special Master."

Several matters not presented by this assignment of error, in no wise affecting the merits of the question, are set forth and complained of in the appellant's brief which are not necessary or proper to be considered, nor do we see that he has been injured by any of the matters that he complains of.

The discretionary power of the chancellor in granting or refusing an order to extend the time for taking testimony has several times been passed upon by this court, and it is well settled that it is a matter within his sound judicial discretion, which is reviewable on appeal, yet its determination by the lower court will not be disturbed unless an abuse of such discretion is plainly made to appear.

In the case of Magbee v. Kennedy, 26 Fla. 158, 7 South. Rep. 529, this court said: "While the discretion of the court, exercised in refusing to enlarge the time for taking testimony, is reviewable on appeal, this court will act on the presumption of the correctness of its ruling, and will not change the ruling except in a clear case of mistake or hardship." In McMillan v. Warren, 59 Fla. 578, 52 South. Rep. 825, we said: "The matter of extending the time for the taking of testimony in an equity suit is for the court below to decide, resting within the sound judicial discretion of such court, and the determination of this question will not be disturbed by an appellate court, unless an abuse of such discretion is plainly made to appear."

See also Tuten v. Gazan, 18 Fla. 751; Long v. Anderson, 48 Fla. 279, 37 South. Rep. 216; Lykes v. Beau-

champ, 49 Fla. 333, 38 South. Rep. 603; Braxton v. Liddon, 55 Fla. 785, 46 South. Rep. 324; Viser v. Willard, 60 Fla. 395, 53 South. Rep. 501.

This rule applies with especial force in a proceeding for divorce, where no decree can be rendered without testimony.

We are of the opinion that in this case the discretion was properly exercised, and the order of the lower court is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.