FRANCISCO GARCIA AND JOSE GARCIA, PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF F. GARCIA & BROTHER, *Appellants,* v. PERFECTO GARCIA, JOSE GARCIA AND ANGEL GARCIA, PARTNERS DOING BUSINESS AS PERFECTO GARCIA AND BROTHERS, *Appellees.*

EQUITY PRACTICE—FINAL HEARING ON BILL AND ANSWER.

Where an answer to a bill in equity is filed denying all the material allegations of said bill, and the complainant does nothing further and introduces no evidence to sustain his bill for more than a year and a half after the filing of such answer, and the defendant then sets the case down for final hearing on bill and answer. on such final hearing it is proper for the court to enter a final decree dismissing the bill.

This case was decided by Division B.

Appeal from the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*E. R. Gundy* and *Glen & Himes,* for Appellants;

*P. O. Knight* and *C. C. Whitaker,* for Appellees.

TAYLOR, J.—The appellants as complainants below on the 20th day of September, 1906, filed their bill in equity in the Circuit Court of Hillsborough county against the appellees as defendants below, alleging an infringement by the defendants of the trade-marked rights of complainants in and to certain cigar box and cigar labels and to their trade name, and alleging unfair competition in trade. On September 27th, 1906, on the bill and accompanying affidavits temporary injunction was granted. On November 7th, 1906, the defendants answered the bill denying all of the material allegations thereof, and incorporated in their answer a demurrer to the bill. On January 23rd, 1907, on motion of the defendants the court made an order modifying the former injunction.

Nothing further was done in the cause until the 19th day of June, 1908, when the defendants set the cause down for a hearing on bill and answer, and on that date notified opposing counsel that they would call said case up before the Chancellor for final hearing on the bill and answer on the 24th day of June, 1908, and on December 30th, 1908, the court rendered a final decree dissolving the injunction theretofore granted and dismissing the complainants' bill at complainants' cost. To review this decree the complainants below have appealed here, assigning said decree as error.

The final decree appealed from was proper. The court, under the circumstances, could not properly have rendered any other decree. The complainants, in the

presence of an answer denying all of the material allegations of their bill, stood by supinely for more than a year and a-half and took no steps to sustain their bill by proofs, so that when the case came before the Chancellor for final hearing on bill and answer there was not a word of proof to sustain a single allegation in complainants' bill. Under these circumstances there was no other alternative but to make the decree appealed from, and said decree is hereby affirmed at the cost of the appellants.

HOCKER and PARKHILL, JJ., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.