R. H. MYERS, W. M. MYERS AND R. C. MYERS, *Appellants,* v. A. J. P. JULIAN, AS EXECUTOR OF THE LAST WILL OF TABITHA WATSON, DECEASED, *Appellee.*

EQUITY PRACTICE—SETTING CAUSE DOWN FOR HEARING ON BILL AND ANSWER—SERVICE OF NOTICE.

1. Where there is an answer to a bill in equity denying all of the material allegations of the bill, and after the filing of such answer the complainant takes no steps for six months or more towards taking testimony to sustain his bill, it is the right of

the defendant, after the time for taking testimony has elapsed, to set the cause down for hearing on bill and answer, and upon notice being given for the final hearing on such bill and answer, it is proper for the court, in such a case, to enter a decree dismissing the bill, where no satisfactory excuse is shown for the neglect to take testimony in the cause.

2. Where a copy of a written notice, required by law to be served in a pending cause upon a party thereto or upon his attorney, is handed to such attorney, he cannot avoid or nullify such actual service by handing such copy served on him back to the party serving it and declining to accept service of such notice.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for Appellants;

*Boozer & Gillen,* for Appellee.

TAYLOR, J.—The appellants as complainants below filed their bill in the Circuit Court of Columbia County in equity against the defendant as executor of the last will of Tabitha Watson, deceased for an accounting for certain moneys and other personality to which they claimed to be entitled as residuary legatees under the will of one William M. Myers deceased, by whose will said personality was bequeathed to said Tabitha Watson for life, and after her death to go to the complainants. The bill was filed on October 18th, 1907. On December 2nd, 1907, the defendant answered the bill denying all of the material allegations thereof and demanding strict proof of the truth thereof by the complainants. On Jan-

uary 6th, 1908, the complainants filed a general replication to the answer. No further steps were taken by the complainants until the 15th day of June, 1908, when the defendant set the cause down for final hearing upon bill, answer and replication, and on the same day the defendant's solicitor served upon the attorney for the complainants a notice to the effect that said cause had been set down for final hearing on bill and answer and that he would call up such final hearing before the Judge on the 22nd day of June, 1908, and on said last named day the complainants and their counsel  failing to appear, the Judge rendered a final decree dismissing the bill.   On July 2nd, 1908, the complainants moved for an order vacating the said decree on the ground, in substance, that no sufficient notice of such final hearing upon bill and answer had ever been given the  complainants or their counsel, and for further time to take testimony.

This motion was denied by the Judge on July 13th, 1908.  On the 20th of July, 1908, the complainants filed a petition for rehearing  upon  substantially the  same grounds as in their said motion to vacate the decree. This petition for rehearing was denied on September. 10th, 1908, and for review of these various orders, the complainants have brought the case here by appeal.

We do not think that there was any error in any of the said orders appealed from. After the said cause was at issue the complainants let it lay dormant for more than six months without taking any steps looking to the introduction of proofs, when the defendant, as he had a perfect right to do, set the case down for final hearing upon bill and answer and at the time set by notice for such final hearing, the  complainants  failed to appear, when the Judge properly made the decree dismissing the bill.  It is contended that there was no service of notice of such final

hearing. We think that the affidavits of the complainants' counsel on the subject of this notice shows that there was a sufficient service upon him of such notice. His affidavits show that a copy of such notice was handed to him and that he saw what it was, but then and there declined to accept service of such notice and handed the copy served on him back to the defendant's attorney, who served it on him. Of course he could decline voluntarily to accept service of a notice, but he could not avoid and nullify the actual fact of such service by handing the copy served on him back to the person serving it. The fact of such service remains, notwithstanding his surrender of the copy served on him and his declination voluntarily to accept such service. We do not think that there was any satisfactory explanation of the apparent laches of the complainants in not taking their testimony for more than six months after the cause was at issue. Neither do we think that there was any error in refusing the rehearing applied for.

Finding no error, the decrees of the court below appealed from in said cause are hereby affirmed at the cost of the appellants.

. All concur except PARKHILL, J., absent on account of illness.