TILGHMAN CYPRESS COMPANY *et al., Appellants,* v. JOHN R. YOUNG COMPANY, *Appellee.*

1.  While the court may upon motion of the complainant dismiss an equity cause without prejudice at any time when the dismissal would not materially prejudice the rights of the defendant, yet if the defendant has entitled himself to affirmative relief or to a hearing and disposition of the case on the merits, or has acquired some substantial right in the cause, or will be

seriously prejudiced by a dismissal, or where unnecessary and prolonged litigation is apparent, or an agreement will be violated, or where it is inequitable, the cause will not be dismissed without prejudice; but the mere burden, expense and annoyance to the defendant of another suit in the same controversy is not generally regarded as a sufficient ground for denying complainant's application to dismiss without prejudice.

2. Where a defendant in equity seeks no affirmative relief, and has not set the cause down for hearing on bill, answers and replications after the time for taking testimony has expired more than a year and no testimony taken, a dismissal of the bill without prejudice at the instance of the complainants will not be reversed, where no positive agreement is violated, and no inequitable circumstances appear other than the burden of another suit on the same controversy, particularly where an application of complainants to make new parties defendant had been denied, even though the denial may have been because of complainant's laches.

This case was decided by Division A.

Appealed from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*J. A. Williams* and *Bisbee & Bedell* for appellants;

*Clark & Fielding, Fred Cuberly* and *Horatio Davis* for appellee.

WHITFIELD, C. J.—On September 9th, 1907, the appellee filed a bill in equity against the appellants in the circuit court for Alachua county asserting equities growing out of a conveyance of certain described lands, and a notice of *lis pendens* was filed describing the lands. On March 2nd,

1908, an amended bill was filed. Answers contesting the asserted equities, and replications thereto were filed. After the time allowed by the rule for taking testimony had expired in November, 1908, counsel for the respective parties entered into a stipulation that the taking of testimony in the cause should proceed before a named examiner, and the examiner was accordingly appointed by the court. No testimony was ever taken. On November 30th, 1909, the court denied a motion for leave to withdraw the replication and to amend the bill of complaint by adding parties defendant. On January 24th, 1910, the court granted an *ex parte* motion of the complainant dismissing the bill without prejudice, and on April 22nd, 1910, the court upon a hearing from all parties denied a motion of the defendants to vacate the dismissal without prejudice. An appeal was taken from these two orders and it is contended here that the court erred in making both orders, to the material detriment of the defendants.

It is within the sound judicial discretion of the chancellor to dismiss without prejudice a bill of complaint in equity, thereby enabling the complainant to re-litigate the matter in controversy, and an appellate court will not adjudge such ruling to be error, unless it is made clearly to appear that the judicial discretion thereby exercised has been abused to the material detriment of the party affected by the ruling. Meffert v. Thomas, 51 Fla., 492, 40 South. Rep., 764, and authorities there cited.

In the Meffert–Thomas case, the bill was brought to remove a cloud from the title to lands in the possession of the complainant, no testimony was taken and the cause was heard on motion of the defendant, upon bill, answer and replication. The court determined that as the merits of the cause could not be justly and equitably passed upon in the absence of evidence *de hors* the pleadings, the exer-

cise of discretion by the chancellor in dismissing the bill without prejudice would not be overruled.

While the court may upon motion of the complainant dismiss an equity cause without prejudice at any time when the dismissal would not materially prejudice the rights of the defendant, yet if the defendant has entitled himself to affirmative relief or to a hearing and disposition of the case on the merits, or has acquired some substantial right in the cause, or will be seriously prejudiced by a dismissal, or where unnecessary and prolonged litigation is apparent, or an agreement will be violated, or where it is inequitable, the cause will not be dismissed without prejudice; but the mere burden, expense and annoyance to the defendant of another suit in the same controversy is not generally regarded as a sufficient ground for denying complainant's application to dismiss without prejudice. Chicago & A. R. Co. v. Union Rolling Mill Co., 109 U. S., 702, 3 Sup. Ct. Rep., 594; Bank of the State of South Carolina v. Rose, 1 Rich. Eqr. Rep., 292, text 294; Booth v. Leycester, 1 Keen's Rep. (Eng.), 247; Cooper v. Lewis, 2 Phillips (22 Eng. Ch.), 178; Rumbly v. Stainton, 24 Ala., 712; Houghton v. Whitin Mach. Works, 160 Fed. Rep., 227; Morton Trust Co. v. Keith, 150 Fed. Rep., 606; Gilmore v. Bort, 134 Fed. Rep., 658; Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co., 121 Fed. Rep., 1015; City of Detroit v. Detroit City Ry. Co., 55 Fed. Rep., 569; Stevens v. The Railroads, 4 Fed. Rep., 97; 16 Cyc., 469; Garcia & Bro. v. Garcia & Bros., 57 Fla., 421, 49 South. Rep., 749; Myers v. Julian, 57 Fla., 493, 48 South. Rep., 998.

The bill of complaint in this case seeks discovery and an accounting and the enforcement of equities claimed in specific lands. The answers deny or seek to avoid the material allegations of the bill by averring other and subsequent agreements to those alleged in the bill. No affirm-

ative relief is sought by the defendants. The defendants could have entitled themselves to a decree of dismissal by setting the cause down for hearing on bill, answers and replications after the time for taking testimony had expired and no testimony was taken, but they did not do so, perhaps because of the agreement as to taking testimony. The proceedings by the defendants were in their nature merely defensive, and it does not appear that the same defense cannot be presented in another suit on the same controversy. It is true the *lis pendens* may have embarrassed the sale of the lands pending the suit, but this incidental result would have followed the institution of the suit, if the statute had not also required the additional notice of *lis pendens*. No positive agreement was violated in the dismissal. No inequitable circumstances to the material detriment of the defendants appear.

The facts that there was an agreement of counsel to take testimony in the case before a named examiner who was appointed by the court, that more than a year elapsed without taking any testimony, that a *lis pendens* affected the salability of the specified lands pending the suit, and that another suit may be brought upon the same controversy, do not justify this court in holding the chancellor in error for refusing on full hearing to vacate the dismissal without prejudice, particularly as the court had recently denied an application of the complainants to add new parties defendant, even though the denial was apparently because of the laches of the complainants.

The decrees appealed from are affirmed.

, SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.