MINNIE VEILLARD AND HUSBAND, RALPH VEILLARD, S. T. WORTHEN AND WIFE, MARY P. WORTHEN, JENNIE R. DURANT AND HUSBAND, CHRALES DURANT, *Appellants,* v. CITY OF ST. PETERSBURG OF PINELLÁS COUNTY, STATE OF FLORIDA, A MUNICIPAL CORPORATION, *Appellee.*

Opinion Filed April 9, 1924.

This case was decided by Division B.

"It is within the sound judicial discretion of the chancellor to dismiss without prejudice a bill of complaint in equity, thereby enabling the complainant to re-litigate the matter in

controversy, and an appellate court will not adjudge such ruling to be error, unless it is made clearly to appear that the judicial discretion thereby exercised has been abused to the material detriment of the party affected by the ruling." Tilghman Cypress Co. v. Young Co., 60 Fla. 382, 53 South. Rep. 939.

An Appeal from the Circuit Court for Pinellas County; M. A. McMullen, Judge.

Affirmed.

*A. K. Cook,* for Appellants;

*F. J. Mack,* and *Cook & Harris,* for Appellee.

WEST, J.—This is a suit by the City of St. Petersburg against Minnie Veillard and others to foreclose a paving certificate lien against certain abutting property described in the certificate, a certified copy of which is made a part of the bill of complaint. The amended bill of complaint was demurred to. Upon a hearing the demurrer was overruled. On August 7, 1922, defendants filed a plea to the bill of complaint. On October 2, 1922, defendants filed their praecipe asking for a dismissal of the bill, of complaint on the ground that complainant having failed to reply or set down the plea for argument is deemed to have admitted its sufficiency and defendants were entitled to a dismissal pursuant to the provisions of rules 4 and 55 of Rules of Circuit Courts in Equity. On October 21, 1922, defendants filed their replication to the plea. On November 3, 1922, there was a motion by defendants to strike from the files this replication. Upon a hearing the motion to dismiss was granted. The dismissal was "without prejudice." Defendants appeal and assign as error this order.

It is defendant's contention that for the reasons stated in the motion, they were entitled to an order of dismissal on the merits and that the order dismissing the suit "without prejudice" is error. This is the only question presented.

"It is within the sound judicial discretion of the chancellor to dismiss without prejudice a bill of complaint in equity, thereby enabling the complainant to re-litigate the matter in controversy, and an Appellate Court will not adjudge such ruling to be error, unless it is made clearly to appear that the judicial discretion thereby exercised has been abused to the material detriment of the party affected by the ruling." Tilghman Cypress Co. v. Young Co., 60 Fla. 382, 53 South. Rep. 939; Meffert v. Thomas, 51 Fla. 492, 40 South. Rep. 764.

There is nothing in the record in this case requiring a holding that the order of dismissal without prejudice was an abuse of judicial discretion by the trial court. Upon authority of the two cases cited the order appealed from is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.