CLAUD I. SMITH, CHARLES B. JENNINGS AND JENNINGS REALTY COMPANY, A CORPORATION, *Appellants,* v. J. J. MILHAM AND DAVID E. DESMOND, *Appellees.*

Opinion Filed December 20, 1927.

*James T. Vocelle,* for Appellants;

*Edwin T. Osteen, J. Stockton Bryan* and *S. L. Lowenstein, Jr.,* for Appellees.

Long, Circuit Judge:

On the 7th day of October, 1925, appellants filed their bill in equity in the Circuit Court of Indian River County, Florida, praying the cancellation of certain deeds and mortgages and for the return of certain purchase money. A demurrer was filed to the bill, which was overruled, and on the 29th day of March, 1926, appellees filed their answer. On May 3, 1926, appellants filed a general replication to this answer and on the 29th of June, 1926, filed a motion to dismiss the cause, which motion was on the 30th day of June, 1926, denied by the court, and a special master appointed to take the testimony on July 21, 1926.

The bill of complaint alleges a sale by the appellants to appellees of three tracts of land for the sum of fifty-four thousand five hundred seventy-two ($54,572.00) dollars, of which sum nineteen thousand five hundred twenty-four ($19,524.00) dollars was to be paid in cash; that one of the checks delivered as a part of the cash payment, in the sum of nine thousand seven hundred twenty-seven ($9,727.00) dollars, was turned down by the bank on account of insufficient funds. That the deeds were surrendered to appellees on the representations that the checks were good; therefore, the allegations of fraud. The prayer for relief was that the deeds be cancelled upon appellants returning to the appellees that sum of money which had been paid on the purchase price and by delivering up the mortgages and notes for cancellation.

The answer of the appellees denies the fraud charged and alleges that appellees paid to the appellants nine thou-

sand two hundred fifty ($9,250.00) dollars, which sum is a portion of the nineteen thousand five hundred twenty-four ($19,524.00) dollars agreed to be paid in cash. The prayer of the answer is that the appellants be required to pay into the court the amount paid in cash and surrender for cancellation the notes and mortgages, which prayer is in substance the same as the relief prayed for in the bill. The answer further prays that upon failure of appellants to pay the nine thousand two hundred fifty ($9,250.00) dollars into court and deliver the mortgages and notes, that a master be appointed to make the sale and for a deficiency decree against appellants in the event of deficiency in proceeds of sale.

A motion for dismissal of the cause by appellants was denied by the court on June 30, 1926, which ruling is the basis for the following assignments of error numbered 1 and 2:

"1. Because the court erred in entering its order on June 30, 1926, denying the complainants' motion for dismissal of the action."

"2. Because the court erred in not dismissing the cause of action upon the complainants' motion."

"While the court may, upon motion of the complainant, dismiss an equity cause without prejudice at any time when the dismissal would not materially prejudice the rights of the defendant, yet if the defendant has entitled himself to affirmative relief or to a hearing and disposition of the case on the merits, or has acquired some substantial right in the cause or will be seriously prejudiced by a dismissal, or where unnecessary or prolonged litigation is apparent, or an agreement will be violated, or where it is inequitable, the cause will not be dismissed without prejudice."

Tilgman Cypress Co. et al. v. John R. Young Co., 60 Fla. 382, 53 So. 939.

1162

The prayer of appellees answer is styled a prayer for affirmative relief, but no affirmative relief is asserted. The prayer of the bill and the prayer of the answer are in substance the same, except that the answer prays the appointment of a special master to sell the lands upon failure of appellants to bring into court the purchase money and for deficiency decree.

In the case of R. E. L. McCaskill Co. et al. v. Dekle, 88 Fla. 285, 102 So. 252, this Court said: "Chapter 7839, Acts of 1919, applies to suits to foreclose mortgages or other liens, not to suits for specific performance of contracts to purchase lands. Ch. 7839 was repealed by Ch. 12325, Acts 1927. See also Ch. 11993, Acts 1927.

The answer filed in this cause fails to allege any counterclaim, set-off or cross complaint, nor do the allegations sufficiently assert that the appellees have entitled themselves to a hearing on the merits or acquired some substantial right, or will be seriously prejudiced by a dismissal of the cause.

"The right of a plaintiff to dismiss a bill before hearing where defendant has acquired no substantive right, is well nigh absolute. It must be an extraordinary case where the Court refuses to exercise its discretion."

American Zylonite Co. v. Celluloid Manufacturing Co., 32 Fed. 809.

The rule is "that a complainant will be allowed to dismiss his bill on the assumption that it leaves the defendant in the same position as he would have stood if the cause had not been instituted."

Had the motion to dismiss been granted the appellees would have stood in the same, if not a better, position than before the filing of the bill. They would have had in their hands the deeds to the property which they voluntarily

purchased and at a sum considerably less than they had agreed to pay for it.

The record discloses that a general replication was filed to the answer and the contention of appellees is that the cause was not at issue until the filing of the replication. The filing of a general replication to an answer which does not set forth a counter claim or set-off, does not effect the provision of the statute which specifically provides that the cause shall be deemed at issue upon the filing of the answer, unless the answer asserts a set-off or counter claim.

The motion to dismiss was filed June 29, 1926, and denied June 30, 1926, after the expiration of time for taking testimony. No effort was made by appellees to extend the time and appellants having control over their case, except where it would operate to the prejudice of appellees, had a right to have the same dismissed on motion.

The other assignments of error numbered 3, 4 and 5 assign as error the entry of the final decree. As it is our opinion that error was committed by the lower court in denying the motion of the appellants to dismiss the bill, it is unnecessary to discuss these assignments of error.

This cause is reversed, with direction that the Motion be granted and the Bill of Complaint dismissed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the order of the Circuit Court in this cause be, and the same is hereby reversed, with direction that the bill of complaint be dismissed.

ELLIS, C. J., AND WHITFIELD, TERRELL AND BUFORD, J. J., concur.