D. LEE, *Appellant,* v. BOOKER & COMPANY, INC., a corporation of Florida, *Appellee.*

146 So. 546.

Opinion filed March 2, 1933.

*Edwin Brobston,* for Appellant;

*Paul E. Dixon,* for Appellee.

PER CURIAM.—D. Lee, the appellant, complainant below, at the time of filing his bill of complaint, was the owner of a tax certificate issued by the Tax Collector of Hillsborough County on August 6th, 1928, for unpaid State and County taxes assessed for the year 1927 against defendant's property. The bill alleged that complainant owned the tax certificate sued on, and that he had purchased all subsequent tax sale certificates affecting the same land, and had paid to the Clerk of the Circuit Court all fees in connection

therewith. The suit was brought under Chapter 14572, Acts of 1929, Laws of Florida.

The defendant filed an answer, by way of counter-claim, attempting to set up numerous alleged defects and invalidities in the assessment roll of Hillsborough County for the year 1927. A motion to strike a part of the counter-claim as later amended was denied, and complainant below has appealed from that order.

The answer and counter-claim is insufficient in substance to meet the test laid down by this Court in West Virginia Hotel Corp. v. Foster Co., 101 Fla. 1147, 132 Sou. Rep. 842. In that case it was held that no attack on the validity of an assessment roll will be entertained where it does not appear from the allegations of the pleading that the alleged *method* of assessment affected complaining party otherwise than other taxpayers similarly situated, so as to place upon complainant a substantially greater proportionate burden than upon others, as a result of the intentional *system or method* used in making the assessment.

The law contemplates that individual complaints against particular tax assessments which may be discriminatory as to valuations between persons or properties subject to taxation, shall be submitted to the duly constituted county equalizing boards to review assessments and to redress errors of judgment committed by tax assessors with respect to valuations of taxable properties appearing on the tax rolls. For this purpose such boards act quasi-judicially and their decisions are final where they are rendered pursuant to the essential requirements of law.

Where valid grounds exist which would warrant the revision and reduction of an assessment on real estate because of an arbitrary or discriminatory over-valuation of the property for tax purposes, the objection is regarded as personal to the taxpayer and such as he may waive when he fails

to assert it within a reasonable time, or before the rights of innocent third parties have accrued under an assessment which appears to be valid on its face.

· Where it is obvious that the property over-valued was undoubtedly subject to taxation at some valuation, and not entitled to be entirely exempted by reason of an attempt to single it out and tax it while other property of the same class was being entirely ignored (Folsom v. Bank of Greenwood, 97 Fla. 426, 120 Sou. Rep. 317), an objection based on over-valuation must ordinarily be properly asserted by judicial proceedings brought before tax sale or it will be deemed to have been waived by the taxpayer. Exceptions to this rule may exist, but this case is not one of them.

The necessities of the government for prompt collection of its required revenue make it imperative that objections to tax assessments on grounds personal to the taxpayers be promptly interposed and pursued to conclusion without undue delay. If they are not, they will be regarded as having been waived as grounds for a defense to a proceeding brought in equity by a tax certificate holder to enforce a tax certificate based upon tax proceedings which appeared fair on their face when the complainant's rights to the certificate were acquired.

The motion to strike in this case should have been sustained. The order appealed from is accordingly reversed and the cause remanded with directions to grant the motion to strike and have further proceedings according to law not inconsistent with this opinion.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.