St. Clair Davant v. City of Brooksville.

177 So. 544.
Opinion Filed November 6, 1937.
Rehearing Denied December 23, 1937.

*J. C. Davant,* for Appellant;
*Clyde H. Lockhart,* for Appellee.

Chillingworth, Circuit Judge.—This appeal presents the right of a plaintiff in an equity suit to dismiss the suit without prejudice.

Under date of December 23, 1930, the plaintiff, a municipal corporation, filed a bill to foreclose certain alleged paving assessment liens. An order entered by the Chancellor, overruling a demurrer to the bill, was reversed by the Supreme Court. Davant v. City of Brooksville, 144 So. 666, 107 Fla. 292. In due course the bill was amended. An amended answer was filed September 3, 1934. Plaintiff's motion to strike portions of the amended answer was filed September 14, 1934. November 15, 1934, plaintiff filed an unverified and unsupported motion for extension

of time to take testimony. The motion did not even make any attempt to set up any grounds or any special cause for an extension of time. An *ex parte* order was entered the same day extending the time for taking testimony for a period of ninety days. Without any written motions filed by plaintiff, and apparently without any grounds or any special cause, and without any notice to opposing counsel, upon oral motions of plaintiff, the Court entered three successive orders extending the time for taking testimony, each for a period of ninety days from date of the respective orders. Under date of February 24, 1936, plaintiff filed a motion for an order extending the time within which the previously filed motion to strike portions of the answer might be disposed of and the testimony taken. Notice was given of a hearing on that motion. The matter came on to be heard before the Court, and was continued for about ten days by reason of illness of counsel for the defendant. Before the matter was finally adjudicated, plaintiff filed a motion to dismiss the cause without prejudice. No grounds were stated in the motion, except that the defendant had not asked for affirmative relief in her pleadings. Upon argument of counsel the Court entered an order dismissing the cause without prejudice upon plaintiff's motion.

The defendant appeals. She complains of that portion of the Final Decree which permitted the dismissal to be without prejudice.

Orders extending the time for the purpose of taking testimony in a contested equity suit, entered without good cause and without notice to opposing counsel, upon oral motion, are wholly unwarranted. Sec. 46, 1931 Chancery Act. Sec. 4921 (2), 1927 C. G. L. Supp.

At the same time, it is well settled that the question as to whether a dismissal in an equity suit shall be with preju-

dice, or without prejudice, is, subject to certain well established principles of the law, within the sound judicial discretion of the Court. Tilghan Cypress Company v. Young, 53 So. 939, 60 Fla. 382; Veillard v. St. Petersburg, 100 So. 163, 87 Fla. 381; Marshall v. Krantz, 113 So. 110, 93 Fla. 730;Smith v. Milham, 115 So. 532, 94 Fla. 1159; Florida Cent. & G. Railway v. Boswell, 123 So. 567, 98 Fla. 117.

While in the instant case the Court might well have dismissed the cause with prejudice, or could have permitted it to proceed to a final determination upon the merits, we are not of the opinion that the dismissal without prejudice was an abuse of the discretion of the Court, hence it not having been made clearly to appear that the discretion of the Court has been abused to the material prejudice of the defendant, it follows that the decree should be affirmed.

Affirmed.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

WHITFIELD, J., absent because of sickness.