ALFRED SHAW, Appellant, v. ALFRED MORRISON, *et al.*, Appellees.

199 So. 566

En Banc

Opinion Filed January 7, 1941

*E. M. Baynes,* for Appellant;

*Earnest, Lewis & Smith,* for Appellees.

BUFORD, J.—Appeal brings for review final decree fore-. closing tax liens and requiring appellees to pay to the appellant, complainant in the court below, the amount by him paid for the evidence of liens, with legal interest thereon and costs of court, not allowing attorney's fees.

Appellant challenges the action of the court below in allowing defendant to amend her answer in denying the motion of plaintiff in the court below to dismiss his bill of complaint without prejudice, in denying plaintiff recovery of attorney's fees and in limiting plaintiff's recovery to the amount paid by him for tax sale certificate and for special assessment liens with interest and costs, in a suit where plaintiff sought to recover the face amount of both evidences of liens.

The holder by assignment of a tax lien may either proceed under the applicable statutes to acquire a statutory tax deed or may proceed in equity to foreclose the tax lien.

In this case the tax lien holder elected to proceed in the court of equity and caused the title holder to be summoned into court to defend the foreclosure. The title holder answered the bill, admitted plaintiff's right to foreclose for the amount actually paid for the assignments of liens and, by timely amendment, offered to do equity by paying to plaintiff the amount which plaintiff had paid for the assignments of liens, with legal interest and costs, and thereby redeem the property involved from the several tax liens sought to be foreclosed.

Plaintiff had chosen the forum in which he sought adjudication of his alleged rights. Defendant had answered, tendering a single issue which defendant was in law entitled to have adjudicated in that suit. Her right to have the equity court proceed to adjudication of the rights of the

parties was a real and valuable one. Had the court dismissed the suit without prejudice then it would have been necessary for the defendant to file a new suit between the identical parties presenting the identical issues to prevent the plaintiff proceeding under the applicable statute to procure statutory tax deeds. There existed no tenable reason why the issues should not have been adjudicated in the instant suit.

We are not unmindful of what was said in Smith, *et al.*, v. Milam, 94 Fla. 1159, 115 Sou. 532. And while in that case we reversed the order of the chancellor denying motion to dismiss without prejudice, we held:

"While the court may, upon motion of the complainant, dismiss an equity cause without prejudice at any time when the dismissal would not materially prejudice the rights of the defendant, yet if the defendant has entitled himself to affirmative relief or to a hearing and disposition of the case on the merits, or has acquired some substantial right in the cause or will be seriously prejudiced by a dismissal, or where unnecessary and prolonged litigation is apparent or an agreement will be violated, or where it is inequitable, the cause will not be dismissed without prejudice."

And we now hold that in this case the defendant by the answer and amendment thereto had entitled herself to a hearing and disposition of the case on the merits, and that to have dismissed the cause would have been to force the defendant to proceed with other litigation between the same parties to adjudicate the issues then before the court. See Phillips v. Lindsay, 102 Fla. 935, 136 Sou. 666.

There was no error in allowing the amendment to the answer.

There being no statutory provision authorizing recovery of attorney's fees by plaintiff in suits to foreclose tax liens,

such fees are not recoverable. See Webb v. Scott, 129 Fla. 111, 176 Sou. 442, Leland v. Andrews, 129 Fla. 429, 176 Sou. 418.

The amount of recovery was properly limited to the amount actually paid by the plaintiff for the assignment of the tax liens with interests and costs. See Lang, *et ux.,* v. Quaker Realty Corporation, 131 Fla. 179, 179 Sou. 144; Shaw v. Hamm, 133 Fla. 722, 183 Sou. 19.

Decree is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN, CHAPMAN and ADAMS, J. J., concur.

Justice THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.