LEO HERBERT, *et al.,* Appellants; v. TAX SECURITIES COMPANY, Appellee.

1 So. (2nd Series) 183
En Banc
Opinion Filed February 11, 1941
Rehearing Denied March 31, 1941

*Treadwell & Treadwell,* for Appellants;

*Askew & Kiernan, Keen & Allen* and *D. R. Peacock,* for Appellee.

THOMAS, J.—On the 30th day of October, 1931, the complainant, hereinafter referred to as the appellee, filed its bill of complaint in Manatee County against numerous defendants, among whom were Myakka Lumber Company and W. G. Wells, for the purpose of foreclosing tax certificates issued in 1926 and 1927 for unpaid State and county taxes for the years 1925 and 1926.

On the 6th day of July, 1934, the bill of complaint was amended by attaching copies of the tax certificates sought to be foreclosed and reports of the clerk of the circuit court showing the amounts required to be paid in order to redeem the property from default of taxes. Later in the same year, the appellant, Myakka Lumber Company, moved to dismiss the bill of complaint upon the ground that neither the original tax certificates involved nor copies of them were attached to the bill of complaint, and for the further reason that although the court was asked to foreclose certificates against that particular defendant's lands, it had been omitted in the amendment. This motion was denied and the defendant was allowed until December 22, 1934, to answer the bill of complaint. The name of the defendant W. G. Welles, did not appear in the amendment, although the lands alleged to have been owned by him were included among those on which taxes were alleged not to have been paid and on which the complainant claimed a lien by reason of the tax certificates which it had purchased.

On February 27, 1935, a second amendment to the bill was filed and among the parties defendant were named the

appellants, B. F. Welles and E. C. Welles, as executors of the estate of W. G. Welles, deceased, who moved, March 28, 1939, to dismiss the 'bill of complaint against them upon the grounds that the bill was filed by virtue of Chapter 14572, Laws of Florida, Acts of 1929, and that the movants were not served with process until June, 1938, after the repeal of Chapter 14572; that this amendment was in effect a new cause of action against them because W. G. Welles, who was a party to the original bill, was not named in the first amendment (1934). A further objection was the failure of complainant to allege the payment of omitted taxes up to the time the amendment was filed. This last objection was also urged by the appellant, Myakka Lumber Company.

The motions were denied, whereupon, the executors and the lumber company answered that the certificates were void because of deliberate discrimination by the taxing officials in assessing real estate at one hundred per cent of value and personal property and improved real estate (of which two classes of property allegers had none) at five per cent and fifteen per cent of true value, respectively. These allegations attacking the assessment roll were stricken from the answers upon motion of complainant.

The first challenge by appellants is directed at the order of the court striking from the answers the allegations of discrimination in the preparation of the tax rolls.

It is argued quite plausibly that the assessments were void, as distinguished from voidable, because the taxing officials ignored the provisions of organic law, i. e., Sections 1 and 3 of Article IX of the Constitution of Florida and the Fourteenth Amendment to the Constitution of the United States. A comprehensive brief of the many expressions of the Supreme Court of the United States and of this Court on the subject of wilful, arbitrary and discriminatory

assessment of taxes has been furnished us, however, in view of the circumstances reflected in this record it seems that a review of the authorities would be of no real benefit.

The certificates in litigation were issued in the years 1926 and 1927 and purchased by appellee in 1931. It was in 1939 that the assault was made on the whole assessment roll by the defendants in the suit of a private corporation to foreclose those certificates. No attempt was made to complain to the equalization board, a failure excused by the charge that an appeal to them for relief would have been unavailing because they were parties to the irregular assessments. No suit was brought to test the action of the taxing officials, although about thirteen years elapsed from the sales to the presentation of the answers. If appellants knew of the unfair assessment about the time it was made, and they evidently were aware of it, they were dilatory in the extreme when they waited so long and until they became defendants to a foreclosure by a purchaser of the certificates, to make their accusation of irregularity and injustice in the preparation of the roll.

It is, to repeat, insisted by the appellants that they should not have been defeated in the presentation of their defense for the reason that, so they assert, the tax roll was void as distinguished from voidable, in which event the doctrine of laches could not be invoked, and they rely upon the case of Coombes v. City of Coral Gables, 124 Fla. 374, 168 So. 524, and others of similar import. In that opinion the author wrote: "In cases where the assessment is voidable the taxpayer may waive his right or may be estopped to contest the validity of a tax lien but this rule is not applicable when the lien is utterly void." The facts around which this decision was woven were that there had been a gross discrimination in the assessment roll between real and

personal property and between lands improved and unimproved, which consequently rendered the tax roll void.

In Aull v. Lidepa Corp., *et al.,* 118 Fla. 408, 159 So. 808, the court was considering a challenge to an assessment roll because of discrimination in the valuation of improved and unimproved property decidedly similar to the situation reflected in the answer of the appellants, and in deciding the matter of delay on the part of presenting the defense, this Court held that the suit was too late, having been instituted long after the maturity of the tax sale certificates and their assignment by the purchaser, although upon timely application the assessments could have been enjoined, so laches was chargeable to the defending taxpayers.

Of like effect was the ruling in Rio Vista Hotel & Improvement Co. v. Belle Mead Dev. Corp., 132 Fla. 88, 182 So. 417. There also it was charged that there was a failure on the part of taxing officials to make any levy whatever on personal property. This representation was made in an answer to a bill seeking foreclosure of certain tax certificates and it was alleged by the pleader that there was no laches because the omission had been repeatedly brought by them to the attention of the officials and they had instituted mandamus proceedings to compel a levy on the omitted property. The Court decided that the taxpayers had waited too long to present their attack upon the validity of the assessment roll and were precluded by laches. Here again delay was held to defeat the claim that a roll was irregular to the degree that it was void.

The writer of this opinion is inclined to the view that laches is clearly indicated by that part of the record in this case set out in the analysis of the answer, many years having passed between the time of the assessment and the assertion of the defense, or even the filing of the suit in which that defense was presented, and apparently no effort

having been made by them to bring the alleged irregularity to the attention of the taxing officials, or any resort made to the courts which were at all times open to entertain any charge they might have wished to make that the assessment roll was void and that therefore their constitutional rights were endangered.

Therefore, the conclusion is reached that on the ground of laches, the chancellor ruled properly in striking the above defense from the answer.

The next questions which we are to answer are the ones relative to the effect of two amendments made to the bill of complaint. In the original pleading it was alleged that all omitted taxes had been paid; but the pleader failed to attach tax certificates or copies thereof until he did so by an amendment offered about three years later.

It is the contention of the appellants that when this defect was corrected, the plaintiff should have been required to show the payment of all omitted taxes up to the time the amendment was filed. The allegation in the original pleading was that all omitted and subsequent taxes and interest thereon, including costs and penalties, had been paid and that all subsequent tax sale certificates had been redeemed. These statements were supplemented by the amendment to which was attached copies of the certificates.

The amendment was not a new cause of action, nor was there anything in it to show any departure in pleading. No matter arising subsequent to the filing of the original bill of complaint was introduced. Being only an amplification of what appeared in the first pleading by supplying instruments, or copies of them, which had already been mentioned, the amendment related back to the date of the original bill and in these circumstances there was no need for the plaintiffs to show the payment of all omitted taxes and the

redemption of all certificates between the dates of the original bill and the amendment.

The third question is akin to the second one. We repeat briefly the status of the pleading with reference to the original defendant, W. G. Welles, in order that this question may be more easily understood. He was made a defendant in the first bill. In the first amendment his name for some reason did not appear, although the lands he was alleged to own were included among those on which it was sought to foreclose a lien. In a second amendment his executors were named parties. The appellants take the position that the last amendment naming the executors of W. G. Welles as parties to this suit was in effect a new cause of action, and that it was therefore necessary that the plaintiffs allege the payment of all subsequent and omitted taxes up to the time it was presented to the court. We think that this position is so similar to the stand they take with reference to the second question which we have discussed that there is no reason for us to make any further observation upon it. It is our view that the cause of action throughout the period was the same and that there was no new cause when the executors of one of the original defendants were substituted for him. It is quite apparent that by retaining a description of the land in the first amended bill of complaint it was intended on the part of the plaintiffs to seek a foreclosure against those lands and the state of the pleadings does not indicate that there was any purpose whatever to dismiss the owner when his name was omitted from the first amendment. The continuance of the suit against the executors of this original owner when the testator was one of the defendants to the original bill and when the lands involved were at all times described in the pleadings does not show any idea to abandon the relief sought, nor does it sustain the ap-

pellants' position that a new suit was actually instituted or that there was a departure from the old one.

Our conclusion after studying the three questions which have been presented to us is that there was no error on the part of the chancellor and that his decree therefore should be affirmed.

BROWN, C. J., TERRELL, BUFORD and ADAMS, J. J., concur.

WHITFIELD and CHAPMAN, J. J., not participating.