J. CARL TEGDER, Individually and as Trustee, and MARY M. TEGDER, his wife, v. SNELSON INVESTMENT COMPANY, a corporation.

15 So. (2nd) 296                                     June Term, 1943
October 15, 1943                                        Division B

*Charles A. Savage,* for appellants.

*C. V. McClurg, Smith & Petteway* and *Gordon Petteway,* for appellee.

SEBRING, J.:

On September 3, 1928, certain lands belonging to appellants were sold by the Tax Collector of Citrus County for unpaid taxes levied and assessed for the year 1927. One J. W. Parker was the purchaser of the tax certificates at the sale. On June 26, 1941, J. W. Parker sold and assigned the tax certificates to appellee. Approximately one month later appellee filed suit to foreclose the tax certificates. In due course appellants filed their answer alleging, inter alia, that the sale of said lands for the nonpayment of the 1927 taxes was illegal and void for that appellants' lands were wild and unimproved lands; that in making the assessment of properties in the county for the year 1927 the assessor adopted the 50% rule assessing improved and urban properties at 50% of the actual value, but in assessing lands of the kind and character of the lands involved in this case the assessor did not use the 50% rule but adopted an arbitrary rule based upon the location of the lands with reference to roads, highways and towns and having no relation to actual value, resulting in an excessive overvaluation of the appellants' lands.

The answer also alleged that the method used by the assessor resulted in such lands being valued at an excessive, arbitrary, and unreasonable price, and amounted in law to a fraud on appellants; that appellee purchased said certificates and took assignments thereof with full knowledge of these facts and for a nominal consideration much less than their face value and consequently should be allowed to recover, if at all, only such amount as the court should find had actually been paid by appellee for the certificates.

On motion of the plaintiff below the portions of the answer here referred to were stricken. Thereafter, testimony was taken on the issues made by the bill of complaint and the remaining portions of the answer. At final hearing the chancellor entered a final decree in favor of the plaintiff for the face amount of the tax certificates, with interest and costs. This appeal is from that decree, the defendants below, who are the appellants here, contending that the stricken portions of the answer constituted valid defenses and should have been allowed to stand.

Under the showing made by the stricken portions of the answer it does not appear that the tax here complained of was void. Furthermore, the answer affirmatively shows that all the lands in the county similarly situated and of the same kind and class as the property of the defendants below were similarly assessed and by the same method and plan. A greater proportionate tax burden was not thereby placed upon the lands of defendants than upon other wild and unimproved lands in the county. The property in question was subject to taxation at some valuation and was not entitled to be exempted entirely. These facts, without more, would seem to preclude the landowners from setting up the supposed defense tendered on this point. See West Virginia Hotel Corp. v. Foster Co., 101 Fla. 1147, 132 So. 842; Lee v. Booker & Co. Inc., 108 Fla. 534, 146 So. 546; Lee v. Atlantic Coast Line R., 141 Fla. 545, 194 So. 252.

But aside from this, if the landowners conceived that they were illegally discriminated against, either by reason of overvaluation of their particular lands, or because of alleged infirmities in the tax roll, it became their duty to promptly submit their grievance to the duly constituted county equalizing board established by law for the purpose of adjusting such matters; or to move promptly to establish their position by proper judicial proceedings brought before tax sale. Objections to such assessments are regarded as personal to the taxpayer and such as will be deemed waived unless asserted within a reasonable time. Lee v. Booker & Co. Inc., supra.

Having failed to pursue either of these courses during the period of thirteen years intervening between tax sale and the

institution of the foreclosure suit, the appellants could not be heard to question for the first time either the validity of the assessment as to their particular lands, or the legality of the assesment roli as a whole. Lee v. Booker & Co. Inc., supra; Leo Herbert, et al., v. Tax Securities Co., 146 Fla. 112, 1 So. (2nd) 183.

The final question is whether error was committed by the chancellor in allowing Snelson Investment Company a decree for the full face amount of the certificates with interest and costs.

It is conceded that J. W. Parker, the original purchaser of the tax sale certificates, paid full face value for them at the sale. Had he brought the foreclosure suit while title to the certificates remained in him, he would have been entitled to full recovery, including interest and costs. See Lang v. Quaker Realty Corporation, 131 Fla. 179, 179 So. 144; Shaw v. Hamm, 133 Fla. 722, 183 So. 19; Shaw v. Morrison, et al., 145 Fla. 443, 199 So. 566. Does the fact that Parker sold and assigned the certificates to Snelson Investment Company before suit for much less than he, Parker, originally paid for them confine the assignee to a recovery in this suit of such amounts only as it expended in the purchase of the certificates from its assignor? We think not. By valid assignment for a valuable consideration Snelson Investment Company acquired title to the certificates in question. By such assignment the assignee acquired such rights as the assignor had in the certificates. Among these rights was the right to invoke the jurisdiction of the courts of chancery to foreclose the tax liens, subject to such equities and defenses concerning any infirmities in the certificates, and the proceedings upon which they were based, as might have been lawfully interposed under the circumstances by the landowner in a suit brought by the first tax purchaser; and to recover in such tax foreclosure suit such amounts, and such amounts only, as the original purchaser might have recovered in a like proceeding. Under the facts of this case, the chancellor did not commit error in allowing a recovery for the full face amount of the tax certificates with interest and costs.

The decree should be affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.