DREW, Justice.
Petition for certiorari under Rule 34 has been taken by the original plaintiff in the lower court to review an order of the Circuit Judge denying a motion of said original plaintiff to dismiss his complaint without prejudice.
The original complaint was filed on October 1, 1953, by petitioner Blanchard “on behalf of himself and all other stockholders of Florida Exploration Company similarly situated” against Commonwealth Oil Company, Florida Exploration Company, Cracker Oil Company, J. L. McLeod, Henry Drig-gers, Frank J. Pepper and Thomas H. Anderson. On October 2, 1953, petitioner filed a sworn petition for temporary restraining order and set the same for a hearing before the Chancellor on October 6th. On October 13th the Chancellor entered an order “that the application [for temporary injunction] be and the same is hereby denied.” On October 15, 1953, petitioner filed a motion for an order dismissing the cause without prejudice. On November 13, 1953, the Chancellor denied such motion by an order reading as follows:
“The plaintiff’s motion to dismiss is denied since the Court’s order denying the injunction required an adjudication on the merits of the plaintiff’s case, as reflected by the bill, rather than an adjudication of an ancillary question.”
The record before U9 shows that up to the time of the entry of the above order none of the defendants below had filed any pleadings of any nature whatever in the proceedings.
As to the right of the original plaintiff to dismiss his bill, we said, in Marshall v. Krantz, 93 Fla. 730, 737, 113 So. 110, 113:
“The right of the complainant to dismiss his bill without prejudice at any time before hearing is universally conceded, and, when an order of court must be obtained to effect the dismissal, it will ordinarily be made as of course, where such dismissal will not operate to the prejudice of other parties. The general rule is subject to the exception that, when the defendant ha9 answered and by such answer seeks affirmative *665 relief or files a cross-bill, the averments or allegations of which entitle him to the relief sought by such answer or cross-bill, the complainant may not have an order of dismissal.”
See also Smith v. Milham, 94 Fla. 1159, 115 So. 532; Davant v. City of Brooksville, 130 Fla. 229, 177 So. 544; Kooman, Florida Chancery Pleading and Practice, (1939) page 376, Section 163.
Our analysis of the complaint convinces us that the restraining order sought was ancillary to the relief requested in the main proceeding and that denying the same did not give the defendants any rights which would have been prejudiced by a voluntary dismissal of the action. Under such circumstances, and in the state of the record at the time the order here being reviewed was entered, we think the complainant had the right to dismiss his action and that the lower court abused its discretion when it refused him that right.
Certiorari granted and the challenged order is hereby quashed.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.