Matter of E AND L FARMS CO., a Florida corporation, Bankrupt.

No. 3985.

United States District Court
S. D. Florida,
Miami Division.
June 28, 1960.

Darrey A. Davis, County Atty., Miami, Fla., for petitioner.

Walton, Lantaff, Schroeder, Atkins Carson & Wahl, Miami, Fla., for trustees.

LIEB, District Judge.

This matter came on for hearing before me on June 24, 1960, upon the verified petition of Earnest Overstreet, as tax collector for Dade County, a creditor herein, to review the order of the Referee dated April 1, 1960, reducing the claim of said creditor for county tangible personal property ad valorem taxes.

The sole issue upon review is that of the jurisdiction of the bankruptcy court through the Referee to revalue and reassess the tangible personal property of the bankrupt and thereby effect a reduction in its ad valorem tax assessment already fixed by the county taxing authorities.

The facts as found by the Referee, while not admitted by the petitioner, are for the purpose of this review not in dispute. Briefly, the receiver for the bankrupt filed his tax return within the time provided by state law. An assessment substantially higher than the returned value was made by the county tax assessor. No notice of that increase was given to the receiver or the bankrupt and none was requested. No attempt was made by the bankrupt, the receiver, or the trustees of the estate, when appointed, to secure a reduction of the assessment before the county administrative, quasi-judicial or judicial bodies, although provision for such relief was made by the state statutes. The county tax collector duly filed his claim against the bankrupt estate and objection thereto was subsequently made by the trustees of the estate upon the grounds that the assessment forming the basis of the claim was arbitrary and excessive.

The rule seems to be well established that the bankruptcy court will not re-evaluate or reassess the property of a bankrupt where the assessment of such property has been fixed by the local taxing authorities under provisions of state law which afford the representatives of the bankrupt estate adequate means consistent with due process, to secure a judicial or quasi-judicial review of the assessment. Arkansas Corporation Commission v. Thompson, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244, Gardner v. New Jersey, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504, 517. This is true whether or not the representatives of a bankrupt taxpayer's estate avail themselves of the remedial provisions of the state law or not. The minimum requirement which will divest the bankruptcy court of jurisdiction in a matter such as this would be a determination by a judicial or quasi-judicial body in conjunction with a quasi-judicial hearing, or the right to such a hearing. Quinn v. Aero Services, 9 Cir., 172 F.2d 157.

An examination of the provisions of the Florida statutes reveals that taxpayers aggrieved by the action of county tax assessment officials may seek redress before the board of county commissioners sitting as a board of equalization. Such boards act quasi-judicially. Lee v. Booker & Co., Inc., 108 Fla. 534, 146 So. 546. Further judicial remedy may be pursued in the Circuit Courts of the State by suit timely instituted. These provisions afford means for a valid and constitutional determination of the assessment, quasi-judicial in nature, whether availed of by the taxpayer or not.

For the reasons stated herein the order of the Referee is hereby reversed with directions to allow the claim of the petitioner.