PER CURIAM.
This appeal is from a final decree foreclosing a municipal tax certificate held by plaintiff. Prior to the entry of the decree-plaintiff filed in the cause a bill of costs. The final decree found the amount due-plaintiff on the tax certificate and included in the decree an allowance for certain items-of costs expended by plaintiff in the foreclosure suit. By his bill of costs plaintiff claimed reimbursement for the following: items, to-wit: County taxes paid, $9.27;. Title Search, $35.00; Attorney’s Fee, $50.-00. The mentioned items of alleged costs-claimed by plaintiff were disallowed by the chancellor in the final decree. By his appeal plaintiff contends the court erred in-disallowing the abovementioned claim for alleged costs.
There can be no question but that in foreclosure proceedings of this kind plaintiff is entitled to claim as part of the amount due him such amounts as he has paid for taxes against the property in order to preserve the lien of his tax certificate. He is also entitled to be reimbursed for litigation expenses, including the amount expended in procuring a title search in order to ascertain the parties to be named as defendants. He is also entitled to recover a reasonable attorney’s fee.
It is fundamental rule of pleading that before a plaintiff in a lien foreclosure suit is entitled to the foregoing items he must show his right thereto by proper allegations in his complaint. The basic law of this-state on the subject is as follows:
“If the plaintiff in a mortgage foreclosure suit desires to be reimbursed for his attorneys’ fees, expenses incurred as a result of the necessity of bringing a foreclosure suit or taxes paid by him, he must show his right thereto by proper allegations in his complaint. The requirement for showing the right *889 to attorneys’ fees is fulfilled where the mortgage is made a part of the complaint and contains a provision under which the mortgagor agrees to pay attorneys’ fees in the event that foreclosure is necessary.” [1]
An examination of the complaint filed by plaintiff reveals a complete absence of any allegations with respect to the prior payment of taxes. This is not an item of costs for which reimbursement is authorized by merely including it in a motion for taxing costs.
Although the complaint does allege a claim for reasonable attorneys’ fees, no proof in support of this allegation is found in the record. The chancellor did not commit error in disallowing these two items of claimed disbursements made in connection with the foreclosure proceeding.
We do find, however, that by proper allegations of the complaint plaintiff claimed as part of his tax lien the expenses necessarily incurred in procuring a title search of the property. His certificate attached to the bill of costs submitted for the chancellor’s consideration recites that the sum of $35.00 was necessarily expended in procuring a title search of the property in connection with the institution and maintenance of the proceeding. No objection to this item by defendants appears in the record. We must conclude a proper showing was made entitling plaintiff to reimbursement for the amount expended in this behalf, and the amount of disbursement should have been allowed by the chancellor as a part of the tax lien for which foreclosure of the property was ordered.
The decree is reversed with directions that an amended decree be entered in accordance with the views expressed herein.
CARROLL, DONALD K., Chief Judge, and WIGGINTON and RAWLS, JJ., concur.

. 22 Fla.Jur., Mortgages, § 317.