RAWLS, Judge.
In this tax lien foreclosure proceeding the trial judge awarded plaintiff, Florida Home Mortgage Company, in addition to other items, the cost of a title search and attorney’s fees. Defendant, Mack Brooks, appeals from the final decree entered herein and raises the following two points: 1. Should attorney’s fees be allowed a tax certificate holder for services performed by his attorney in foreclosing the lien of the tax certificate? 2. Should a fee for title search be allowed a tax certificate *239 holder as an assessment of cost in foreclosing the lien of the tax certificate?
As to point one, this Court was confronted with the identical question in a companion case[1] wherein we, by a per curiam affirmance without opinion, sustained the action of a trial judge of the same judicial circuit in refusing to assess attorney’s fees in a tax lien foreclosure action. The general rule in this jurisdiction is that attorney’s fees may be recovered only when authorized by statute or as a result of an agreement between the parties. In the instant cause there is no agreement between the parties and there is no statutory provision permitting such allowance. The rule in such cases is well stated in Shaw v. Morrison[2] as follows:
“There being no statutory provision authorizing recovery of attorney’s fees by plaintiff in suits to foreclose tax liens, such fees are not so recoverable. See Webb v. Scott, 129 Fla. 111, 176 So. 442, Leland v. Andrews, 129 Fla. 429, 176 So. 418.’’
The chancellor was in error in awarding attorney’s fees herein.
We next consider appellant’s second point which we also conclude must be reversed. Our Supreme Court examined this question in Kennedy v. Hancock [3] and therein defined the word “cost” as used in the subject statute. In holding that the word “cost” did not encompass abstract expenses incurred by a certificate holder, the Court stated:
“The word 'cost,’ as used in the statute, does not authorize the recovery of those items of personal expense incurred by the tax certificate holder, such as costs of an abstract of the title, even though the statute provides that the proceeding shall conform in general to those provided for the foreclosure of mortgages. Even in mortgage foreclosure cases, expenditures for an abstract of the title to the property are not recoverable as ‘cost,’ but rather as ‘expenses,’ and then only when the mortgage provides for the payment by the mortgagor of all ‘expenses’ as well as ‘costs’ of foreclosure.”
This conclusion was further sustained by the Supreme Court in Security Land & Investment Co. v. Ranger Realty Co.[4]
Our attention has been directed to the former decision of this Court rendered in the case of Thomason v. Jernigan [5] in which we apparently reached a conclusion contrary to the ruling hereinabove set forth. Unlike the case sub judice which involves the foreclosure of a county tax lien, the Thomason case involved foreclosure of a municipal tax lien. In rendering the Thomason opinion we misconceived the true facts present in the case and based our decision on the assumption that the municipal tax lien therein sought to be foreclosed was in the suit brought by the City of Crestview in foreclosure of its own delinquent taxes under Chapter 173, Florida Statutes, F.S.A. ■ Under this statute reasonable attorney fees and cost of litigation, including title search, are allowable. We have reviewed the Thoma-son file, however, and now find that that suit was instituted by an individual who purchased from the City of Crestview the municipal tax lien therein sought to be foreclosed. The same rules of law precluding the allowance of attorney’s fees and costs of title search in suits brought by individuals to foreclose municipal tax liens are applicable to suits brought by individuals *240 to foreclose county tax liens as involved in the case we now review. For the foregoing reasons we acknowledge the erroneous basis of our decision rendered in Thomason v. Jernigan, supra, and hereby recede from and overrule that decision.
The decree is reversed in part in accordance with this opinion. The chancellor is hereby directed to set aside that portion of the final decree awarding attorney’s fee of $150.00 and title search fee of $20.00.
Affirmed in part, reversed in part.
STURGIS, C. J., and WIGGINTON, J., concur.

. Florida Home Mortgage Co. v. Cantrals, Fla.App., 163 So.2d 346.

. Shaw v. Morrison, 145 Fla. 443, 199 So. 566, 567 (1941).

. Kennedy v. Hancock, 108 Fla. 601, 146 So. 667 (1933).

. Security Land & Investment Co. v. Ranger Realty Co., 115 Fla. 640, 156 So. 23 (1934).

. O. H. Thomason v. Jernigan, 151 So.2d 887 (Fla.App.1st, 1963).