RAWLS, Judge.
The plaintiff in a suit to foreclose municipal tax liens has appealed from a final decree entered by the Circuit Court for Okaloosa County, foreclosing the liens but failing to assess against the defendants the following four items included in the plaintiff’s bill of costs, viz.:
Examination of abstract $ 50.00
Attorney’s fee 150.00
Stenographer’s fee 12.60
Special assessment 57.31
The sole question before us on this appeal is whether the chancellor erred in refusing to assess the said four items against the defendants in the final decree.
In 1963 the City of Valparaiso, for a valuable consideration, assigned to the plaintiff-appellant certain tax sale certificates, evidencing the non-payment of taxes levied by the said city upon the subject land during the years 1938 through 1946, inclusive. Each of these assignments states that the assignment includes the right to foreclose the lien at maturity in the name of the said municipality. Subsequently the plain *342 tiff filed this suit in its own name- to foreclose the said tax liens pursuant to the provisions of Chapter 9101, Laws of Florida, Special Acts of 1921, as amended, which is the charter of the City of Valparaiso, and pursuant.to the provisions of Chapter 196, Florida Statutes, F.S.A.
In the final decree of foreclosure, the chancellor held that the items listed above were not taxable as costs in this proceeding although he did provide for the plaintiff to recover the special assessment.
In support of its contention in this appeal that the above four items were improperly omitted from the list of costs awarded by the final decree, the plaintiff-appellant invokes the cost provisions of Chapter 9101, Laws of Florida, Special Acts of 1921, and Chapter 196, Florida Statutes, F.S.A., under which chapters the present suit was filed.
Section 8 of Article VII of the said Chapter 9101, as amended by Section 14 of Chapter 59-1941, Laws of Florida, Special Acts of 1959, reads in pertinent part as follows:
“In addition to the amount of taxes and interest thereon due the city, the city shall be entitled to judgment for all costs of such suits, including a reasonable attorney’s fee to be fixed and determined by the judge of the circuit court in which the suit is brought.”
Section 196.08, Florida Statutes, F.S.A., contains the following provision:
“In such suits the attorney of record for the county shall represent the interest of the state and county; and the city, village or town and the county, whether party plaintiff or defendant, shall be entitled to recover reasonable fees for the services of their respective attorneys therein, as allowed and apportioned by the court, which shall be a lien against the property involved, and payable from the proceeds of the sale thereof.”
We first examine the plaintiff’s contentions as to the chancellor’s failure to award attorney’s fees in cases where one other than the governmental agency forecloses the tax certificates. In the absence of a statute specifically authorizing the imposition of attorney’s fees, it is our conclusion that decisions of this state are now in accord with the proposition that such fees were not contemplated by the legislature when it enacted the above cited statutes. This subject has been the object of much litigation in this jurisdiction as evidenced by the cases which we now review and other cases which seemingly have a bearing upon the subject.
In 1932 the Supreme Court of Florida reviewed a tax certificate foreclosure proceeding in the case of First Trust & Savings Bank v. West Lake Investment Co.[1] That case was brought in accordance with the procedure provided in Chapter 14572,. Laws of Florida, Acts of 1929, Ex.Sess. Sections 13-18 of that Act specifically provided that the foreclosure procedure authorized therein may be utilized by any holder of a tax certificate or a tax deed and that the “complainant” shall be entitled to recover reasonable attorney’s fees. These sections of the Act were repealed in 1935. Had they not been so deleted, plaintiff’s position with regard to claiming attorney’s, fees in this suit might be well taken. However, in 1937 the legislature enacted Section. 196.08 which specifically provides:
“In any suit in equity brought by any county, city, village, or town of this state for the purpose of consummating-the enforcement in tax lien foreclosure-proceedings of its tax or assessment liens * * * In such suits * * * the city, village or toivn, and the county * * * shall be entitled to recover reasonable fees for the services of their respective attorneys * * * ” (Emphases supplied.)
*343 In 1941 in the case of Shaw v. Morrison [2] the Supreme Court, when confronted with a prayer for attorney’s fees in a tax sale certificate • case, held that in the absence of statutory provision authorizing recovery of attorney’s fees by an individual in suits to foreclose tax liens, such fees were not recoverable.
This court apparently reached a contrary conclusion in Thomason v. Jernigan[3] wherein an individual sought to foreclose a municipal tax lien. However, in Brooks v. Florida Home Mortgage Co.[4] we acknowledged our error and overruled the Thomason case by holding that Florida Home Mortgage Company could not recover attorney’s fees in its tax lien foreclosure action. The same principle was the basis of our decision in Florida Home Mortgage Co. v. Cantrals.[5]
So, in summary, as to this point we find no specific statutory authority which provides for a tax certificate holder (other than a governmental agency) to be awarded attorney’s fees in a tax lien foreclosure case and, therefore, conclude that the chancellor was correct in refusing to allow an attorney’s fee in this cause.
 We reach a like decision as to the remaining controverted items contained in plaintiff’s cost bill. We held in Brooks v. Florida Home Mortgage Co.[6] that the word “cost” does not authorize a recovery of those items of personal expense incurred by the tax certificate holder such as cost of the abstract of title. The same rationale ■is applicable to the items “examination of abstract” and “stenographer’s fees” which have been labeled by plaintiff as “costs”. Under the Brooks case, these two items are clearly items of personal expense incurred by the tax certificate holder, and the chancellor was eminently correct in refusing, to tax same as costs. As to the item labeled “special assessment”, this expenditure arose out of a charge imposed by the municipality for street improvements. The chancellor correctly held that such charge did not constitute a “cost” within the well defined meaning of this word, but we note that he.did provide in his final decree for the plaintiff to recover the amount so expended.
The final decree of the chancellor is affirmed. .-
STURGIS, C. J.; concurs.
•CARROLL, DONALD IC, J., concurs in part and dissents in part.

. First Trust & Savings Bank v. West Lake Investment Co., 105 Fla. 590, 141 So. 894 (1932)..

. Shaw v. Morrison, 145 Fla. 443, 199 So. 566 (1941); Webb v. Scott, 129 Fla. 111, 176 So. 442 (1936); Leland v. Andrews, 129 Fla. 429, 176 So. 418 (1937).

. Thomason v. Jernigan, 151 So.2d 887 (Fla.App.1st, 1963).

. Brooks v. Florida Home Mortgage Co., 165 So.2d 238 (Fla.App.1st, 1964).

. Florida Home Mortgage Co. v. Cantrals, 163 So.2d 346 (Fla.App.1st, 1964).

. Brooks v. Florida Home Mortgage Co., supra.